Before STATE INDUSTRIAL BOARD, Respondent. ·

FAYETTE CLEVELAND, Respondent, *v.* CARLTON J. RICE and Another, Appellants.

Third Department, May 8, 1924.

Workmen's compensation — injury arising out of and in course of employment — claimant was employed by livery-stable keeper to convey, with horse and cutter, passenger for five miles — on return about one A. M. cutter overturned and horse escaped — claimant wrapped buffalo robe about himself, sat down to await passing conveyance and fell asleep — claimant's foot was frozen — as incident of employment claimant was protected by statute — it was not, as matter of law, duty of claimant to walk home — going to sleep not, as matter of law, cause of freezing nor inconsistent with duty to employer — award affirmed.

The claimant was employed to convey a passenger with a horse and cutter for a distance of about five miles from his employer's place of business and on the homeward trip, about one A. M. he was thrown from the cutter and the horse escaped and returned to the stable unattended and uninjured. The claimant wrapped himself in a buffalo robe and sat down on the snow to await some passing conveyance which would take him home, and while waiting fell asleep and was discovered several hours thereafter. Later in the day it was found that claimant's left foot had been frozen and the foot was subsequently amputated.

*Held*, that, as an incident of his employment, the claimant was protected by the statute until he completed the return trip provided he used reasonable and proper means to that end;

That it was not the duty of the claimant, as a matter of law, to walk home, a distance of four miles, after he was thrown out of the cutter, since it appears that he was about sixty-six years of age, was heavily dressed and the roads were badly drifted with snow. Nor can it be held, as matter of law, that had he remained awake his foot would not have frozen. The act of the claimant in going to sleep was not inconsistent with any duty which he could or should have rendered his employer under the circumstances.

While the case is not free from doubt, the award in favor of the claimant is affirmed.

McCANN, J., dissents.

APPEAL by the defendants, Carlton J. Rice and another, from an award of the State Industrial Board, made on the 28th day of June, 1923.

Claimant was employed by a livery-stable keeper at Cuba, N. Y., to convey with a horse and cutter a passenger for a distance of five miles. On the homeward trip claimant was thrown from the cutter and the horse making its escape returned unattended to the stable with the cutter, both uninjured. Claimant wrapped himself in a buffalo robe which had fallen from the cutter and sat down in the snow to wait for a vehicle that might by chance be passing

17

and whereby he might procure his return to Cuba.    The time was about one o'clock A. M.    Claimant unintentionally fell asleep. Several hours thereafter he was discovered by a resident of a house in the immediate vicinity and was by him conveyed to his destination.    Later in the day he discovered that his left foot had been frozen.    It was subsequently amputated and for the loss thereof the award in question has been made.    The only question raised on the argument by the appellants is that the loss of the foot was an injury which did not arise out of and in the course of the employment. The injuries were sustained on February 5, 1923.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

*Walter N. Renwick,* for the claimant, respondent.

COCHRANE, P. J.:

The contract of employment contemplated that claimant should return to Cuba with the horse and cutter.    This was for the benefit of both parties.    It was the duty of claimant to his employer to return the horse and cutter and it was likewise his right to return with them.    An exigency arose which had not been considered by either party.    The circumstances of that exigency were such that claimant could not thereafter render any service to his employer. It would have been idle for him to attempt to overtake the horse which was trotting away from him and as it turned out the horse did not need his assistance to return safely to the stable of its owner. It is quite true, therefore, that claimant did not intend after being thrown from the cutter to perform further service for his employer but it should not be forgotten that the two-fold reasons therefor were because under the circumstances he could not render such service and because such service if possible was unnecessary.    It seems to me, however, that as an incident of his employment claimant was protected by the statute (Workmen's Compensation Law) until he reached his destination at Cuba provided he used reasonable and proper means to that end.    His employment clearly included his return to Cuba.    The method contemplated for such return was rendered impossible by an unforeseen and fortuitous circumstance.    That in my opinion did not leave the claimant unprotected while he was striving in what seemed to him the best manner possible to complete his journey, a purpose clearly within the contract of employment.    Should the claimant following the escaping horse have walked to Cuba?    Perhaps it should be so

held if that was the only reasonable thing to do. But he was four miles distant; the road was drifted " and rough and all cut up; " he was sixty-six years of age; he was heavily dressed with " an ordinary cloth overcoat " and over that a fur-lined overcoat; his progress would necessarily have been impeded somewhat by the weight and cumbersomeness of the buffalo robe which it was his duty to protect; the person who subsequently conveyed him to Cuba testified that he walked " with my help " which may have been due to exposure to the cold. I do not think it can be said as matter of law that under these circumstances it was his duty to attempt to walk the remaining distance. The situation called for an exercise of judgment. Perhaps he did not judge wisely. But an error of judgment will not deprive him of compensation. Should he be so deprived because he fell asleep? Again it cannot be said as matter of law that had he remained awake his foot would not have frozen. That fact was not discovered until late in the day. In *Matter of Di Salvio* v. *Menihan Company* (225 N. Y. 123) it was said: " It has been held that the accident arose out of and in the course of employment where an injury happened * * * to a workman on a telegraph line who had taken refuge during a storm under a freight car and had gone to sleep," referring to the case of *Moore* v. *Lehigh Valley Railroad Co.* (reported without opinion in 217 N. Y. 627). The workman in that case was injured by the movement of the car under which he had taken refuge to protect himself from the storm. The ground of the decision probably was that going to sleep was not inconsistent with any duty which the employee owed to his employer during the continuance of the storm. So in the instant case going to sleep was not inconsistent with any duty which the claimant could or should have rendered his employer under existing circumstances, and as we have seen it was within the province of the Industrial Board to find that it did not cause or contribute to the freezing of his foot. While the case is not free from doubt, I think the permissible inferences sustain the award.

All concur, except McCANN, J., dissenting, on the ground that the claimant abandoned his employment when he neglected to perform his duty to his employer by making an effort to stop the horse.

Award affirmed, with costs in favor of the State Industrial Board.