sation Law. Claimant, an express messenger, jumped from an express car, when nearing its destination, was thrown under the car and received severe injury. The Industrial Board found that the claimant alighted from the train for the purpose and with the intent of going to the office of his employer to report and procure the signature of his employer's agent to his time slip, which act was required by the employer and that this was an incident of his employment.

*Harry S. Marx* for appellant.

*Carl Sherman, Attorney-General* (*E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of FAYETTE CLEVELAND, Respondent, against CARLTON J. RICE et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — when employee thrown from sleigh at night, who fell asleep while waiting for a passing vehicle, entitled to compensation for loss of foot through its being frozen.*

*Cleveland* v. *Rice*, 209 App. Div. 257, affirmed.

(Argued October 3, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 29, 1924, affirming an award of the State Industrial Board, made under the Workmen's Compensation Law. Claimant was employed by a livery-stable keeper at Cuba, N. Y., to convey with a horse and cutter a passenger for a distance of five miles. On the homeward trip claimant was thrown from the cutter and the horse making its escape returned unattended to the stables with the cutter, both uninjured. Claimant wrapped himself in a buffalo robe which had fallen from the cutter and sat down in the snow to wait for a vehicle that might by chance be passing and whereby he might procure his return to Cuba. The time was about one o'clock

A. M. He unintentionally fell asleep. Several hours thereafter he was discovered by a resident of a house in the immediate vicinity and was by him conveyed to his destination. Later in the day he discovered that his left foot had been frozen. It was subsequently amputated and for the loss thereof the award in question has been made. The question was whether the loss of the foot was an injury arising out of and in the course of the employment.

*Edward P. Mowton* for appellant.

*Carl Sherman*, Attorney-General (*E. C. Aiken* of counsel), for State Industrial Board, respondent.

*Walter N. Renwick* for claimant, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of JAMES DE SALVO, Appellant, against EDWARD S. JENKINS et al., Respondents.

*Workmen's compensation — watchman while sitting in office struck by bullet from air gun in hands of boy who had entered office for undisclosed purpose — injury not arising out of employment.*

*De Salvo* v. *Jenkins*, 205 App. Div. 198, affirmed.

(Submitted October 3, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 6, 1924, affirming a decision of the State Industrial Board which dismissed a claim made under the Workmen's Compensation Law. Claimant was employed as a night watchman. While in the office of his employer's warehouse two small boys, whom he knew, entered the office, one of the boys having an air rifle in his possession at the time. Shortly after the two boys entered the office another boy, also known to the claimant, entered the office, and took the air gun from the boy who previously had it, and while the air gun was being manipulated by this third boy a bullet was released from it, which struck the claimant in the left eye, with the result