In the Matter of the Claim of RUSSELL R. ROWE, Appellant, against PATRICK McGOVERN, INC., Respondent. STATE INDUSTRIAL BOARD, Respondent.—Decision reversed, and claim remitted for further consideration, with costs against the State Industrial Board to abide the event, on the ground that an award for loss of earning capacity may be made, under section 15, subdivision 3, paragraph v, of the Workmen's Compensation Law,* if the Board finds that such loss has been sustained. Van Kirk, P. J., Hinman and Crapser, JJ., concur; Hill and Rhodes, JJ., vote to remit upon the ground that the loss of hearing is a schedule loss to which section 15, subdivision 3, paragraph s, applies, and thereunder it is the duty of the Board to fix the proportionate loss of hearing and to make an award therefor as a schedule loss.

In the Matter of the Claim of REUBIN LESKIN, Respondent, against THE M. & G. TRUCKING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that at the time of receiving the injury it was classified as temporary total, and the award appealed from, made more than three years after the date of the accident, is for a partial permanent schedule loss. This change of classification may not be made. (Workmen's Comp. Law, § 15, subd. 6-a; *Matter of Schaeffer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) However, the record discloses that as a result of the injury and the failure of physicians to diagnose a fracture the claimant has at times been temporarily totally disabled, for which it would seem an award could be made, if the Board were so advised. Van Kirk, P. J., Hinman, Hill, Rhodes and Crapser, JJ., concur.

In the Matter of the Claim of GEORGE HERBOLD, Respondent, against WIARD PLOW COMPANY, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Hill, Rhodes and Crapser, JJ.

In the Matter of the Claim of JOSEPH GROSZEK, Respondent, against THE WESTERN UNION TELEGRAPH COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Award affirmed, with costs to the State Industrial Board, on the authority of *Cleveland* v. *Rice* (209 App. Div. 257; affd., 239 N. Y. 530); *Moore* v. *Lehigh Valley R. R. Co.* (169 App. Div. 177; affd., 217 N. Y. 627); *Domres* v. *Syracuse Safe Co.* (211 App. Div. 823; affd., 240 N. Y. 611); *Matter of Corrina* v. *DeBarbieri* (247 id. 357); *Matter of Wickham* v. *Glenside Woolen Mills* (252 id. 11). Van Kirk, P. J., Hinman, Hill and Rhodes, JJ., concur; Crapser, J., dissents and votes to reverse the award and to dismiss the claim, on the ground that the death of the employee was not caused by one of the risks connected with his employment and flowing therefrom as a natural consequence and directly connected with the work.

In the Matter of the Claim of FRANK BURKHARD, Respondent, against BECKER FLYING SERVICE, INC., Employer, and FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Hill, Rhodes and Crapser, JJ.

---

* Renum. from ¶ u by Laws of 1929, chap. 301.— REP.