In the Matter of the Claim of JOHN M. BEDNAR, Respondent, against INGERSOLL RAND COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board. The claimant was injured by the bursting of a compressed air hose, resulting in a twenty-five per cent permanent loss of hearing of one ear. The Board made its award for the partial loss of hearing, under paragraphs m and s of subdivision 3 of section 15 of the Workmen's Compensation Law, on the theory that a partial loss of hearing was a partial loss of a " member," and award could be made proportionately. This was error. A loss of hearing is not the loss of a " member," and a proportionate award may not be made for a permanent partial loss of hearing. If such an award is to be made, it must be made under paragraph v of subdivision 3 of section 15 of the Workmen's Compensation Law. Award reversed and claim remitted to the Industrial Board. (*Matter of Rowe* v. *McGovern, Inc.*, 236 App. Div. 866.) McNamee, Crapser and Bliss, JJ., concur; Rhodes, Acting P. J., concurs solely on the ground of *stare decisis*. (See *Matter of Rowe* v. *McGovern, Inc.*, 236 App. Div. 866.) Heffernan, J., dissents. Heffernan, J. (dissenting): I dissent and vote to affirm the award. In this case it is conceded that claimant sustained a twenty-five per cent loss of use of the left ear while engaged in the course of his employment. A schedule award has been made in his favor. Unless we can sustain it claimant is remediless. I am not unmindful of the decision of our court in *Matter of Rowe* v. *McGovern, Inc.* (236 App. Div. 866). I regard that authority as a very illiberal interpretation of the

Workmen's Compensation Law. It ought not be approved today. It is our duty to give that statute a most liberal construction in favor of an injured workman in order to effectuate its humane purpose.