In the Matter of the Claim of JOHN M. BEDNAR, Appellant, against INGERSOLL RAND COMPANY, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Submitted October 6, 1938; decided November 29, 1938.

*Edwin J. Carpenter* for appellant. The Industrial Board properly made an award for twenty-five per cent loss of hearing of the left ear. (Cons. Laws, ch. 67, § 15, subd. 3, ¶¶ m, s, u.)

*Thomas A. Clarke* for Ingersoll Rand Company, respondent. The statute does not provide for a schedule award for partial loss of hearing. (*Matter of Rowe* v. *McGovern*, 236 App. Div. 866.)

FINCH, J. Claimant appeals from an order of the Appellate Division which reversed an order of the State Industrial Board whereby the latter made an award to the claimant for partial loss of hearing and directed the proportionate payment of fifteen weeks' compensation.

The claimant sustained accidental injuries while in the course of his employment, consisting of a rupture of the left eardrum, through the bursting of a compressed air hose. The Industrial Board found that the accident had impaired the hearing of claimant to the extent of twenty-five per cent in the left ear. The employer took an appeal from the award to the Appellate Division, where the order and award were reversed upon the authority of *Matter of Rowe* v. *McGovern, Inc.* (236 App. Div. 866), with one justice dissenting and another concurring on the sole ground of *stare decisis* in *Matter of Rowe* v. *McGovern* (*supra*), likewise decided by a court divided three to two.

The only question here involved is whether the Industrial Board may make an award for partial loss of hearing under the Workmen's Compensation Law (Cons.

Laws, ch. 67), where there is no loss of earning capacity in the claimant.

The employer maintains that the Workmen's Compensation Law under such circumstances allows no redress, unless there is established a loss or diminution in earning capacity. Subdivision 3 of section 15, in paragraphs A–L, provides certain scheduled awards for permanent partial disability of certain members of the body, but does not mention an ear. Then in paragraph V of subdivision 3 of section 15 of the Workmen's Compensation Law it is provided that in all other cases the compensation shall be sixty-six and two-thirds per cent of the difference between the average weekly wage of the claimant before his disability and his wage earning capacity thereafter. In the case at bar there was no loss of earning capacity, so that unless partial loss of hearing in an ear may be treated as permanent partial disability of a member of the body for which a scheduled award is specified, irrespective of earning capacity, the claimant is without remedy for this accidental injury arising out of and in the course of his employment and which occasioned a permanent twenty-five per cent loss of hearing in his left ear.

We come then to an analysis of the statute (Workmen's Compensation Law, § 15, subd. 3, ¶¶ A–U). Subdivision 3 of said section 15, in paragraphs A–L, provides the compensation payable for loss of arms, legs, hands, feet, eyes, thumbs, fingers and toes. In the next paragraph, M, there is provided compensation for complete loss of hearing in one and in both ears. Paragraph S, then following in the same section, provides that for partial loss of a member a proportionate compensation shall be allowed. If, therefore, an ear is a member of the body, partial compensation may be granted by the terms of the statute. An ear is surely as much a member of the body as an arm or a finger. Moreover, this same section of the statute, in paragraph U, denominates an ear as a member

of the body. In this paragraph U it is provided that in any case in which there shall be a loss of more than one member, as set forth in paragraphs A–T, both inclusive, but not amounting to permanent total disability, the Board shall award compensation for the loss. Paragraphs A–T include paragraph M which, as already noted, provides a compensation for loss of hearing in one or both ears. It, therefore, follows that the statute has included an ear as a member. Since complete loss of hearing in one ear is given a compensation of sixty-six and two-thirds per centum of the average weekly wages for sixty weeks under the statute, a twenty-five per cent loss of hearing entitles the claimant to an award of the said percentage of the average weekly wages for fifteen weeks.

The order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Ordered accordingly.