SPECIAL INDEMNITY FUND v. STONE et al.

No. 32577.    June 7, 1949.

*207 P. 2d 263.*

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for petitioner.

Wallace & Harkey, of Oklahoma City, Roy White, of Eufaula, and Mac Q. Williamson, Atty. Gen., for respondents.

LUTTRELL, J. This is an original proceeding brought in this court by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to respondent, Tom T. Stone.

The record discloses that claimant, on February 19, 1944, filed his first notice of injury and claim for compensation with the commission in which it is

stated that on the 30th day of January, 1944, while in the employ of Midwestern Engineers, he sustained an accidental personal injury which resulted in the loss of hearing in his left ear.

Special Indemnity Fund on motion of the Midwestern Engineers was thereafter made a party to the proceeding. The claim as between the respondent and the Midwestern Engineers was settled on joint petition settlement. Order approving the settlement was entered by the commission on July 19, 1944. We are here concerned only with the award as against Special Indemnity Fund.

The evidence shows that on the 30th day of January, 1944, respondent while in the employ of Midwestern Engineers sustained an accidental personal injury when he fell from a moving truck causing injury to his left ear which resulted in a total loss of hearing in that ear; that prior thereto, and sometime in 1920, as a result of an accident then occurring, he sustained an injury to his right ear which resulted in the total loss of hearing in that ear.

Under this evidence the commissioner before whom the case was tried found that on the 30th day of January, 1944, respondent, while in the employ of Midwestern Engineers, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his left ear resulting in the loss of hearing in that ear; that he was at that time a physically impaired person; that as a result of an injury received in 1920 he sustained industrial deafness in the right ear; that as a result of both injuries he had an increased degree of disability over and above the disability sustained as a result of the last injury alone and that for his combined disabilities he is entitled to compensation of $3,000. Upon such findings, after making the deductions provided by 85 O.S. 1945 Supp. §172, an award was entered against the Fund in the sum of $875.

The award was sustained on appeal to the commission en banc.

The facts are undisputed. It is conceded that respondent sustained the injuries as found by the commission, and that as a result of both injuries he is now totally deaf in both ears. The Fund, however, contends that under the evidence and finding of the Industrial Commission, the conclusion reached by it that respondent was at the time he sustained his present injury a physically impaired person is contrary to law.

A physically impaired person is defined by the Special Indemnity Fund Act, 85 O.S. 1943 Supp. §171, as follows:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission."

It will be noted that in order to constitute an employee a physically impaired person within the meaning of the above statute, he must come within one of four classifications: First, the loss of sight of one eye; second, the loss by amputation of the whole or part of some member of the body; third, the loss of the use, or partial loss of the use, of a specific member such as is obvious to an ordinary layman; and fourth, any disability previously adjudged by the State Industrial Commission. It is conceded that the prior disability claimed to have been sustained by respondent had not been previously adjudged by the State Industrial Commission. It is, however, contended by the respondent that the loss of hearing in his right

ear constituted a loss of use of a specific member of his body and that he was therefore a physically impaired person within the meaning of the Act. The Fund contends the contrary. It asserts that the ear does not constitute a specific member of the body as that term is used in the Act and that the loss of hearing in respondent's ear did not constitute him a physically impaired person. We think this contention well taken. The common usage of the term "member" as applied to the human body means the extremities of the body, particularly the arms and legs. Webster's New International Dictionary; Zinken v. Melrose, 143 Minn. 397, 173 N.W. 857; California Casualty Indemnity Exchange v. Industrial Accident Commission (Cal. App.) 82 P. 2d 1115. In the case of Travelers' Ins. Co. v. Albin, 33 Ga. A. 666, 127 S.E. 804, the Court of Appeals of Georgia held the word "member" of the body as used in the Workmen's Compensation Act of that state does not embrace the ear. In that case the court said:

"In the brief of the defendant in error it is insisted that the ear is a member of the human body, and that he, as plaintiff, is entitled to recover under section 32(r) of the Workmen's Compensation Act, supra, which section provides for the 'loss of a member' and 'for partial loss of or for partial loss of use of a member'. We cannot agree with this contention. While Section 32 (q) of the act just referred to provides that compensation shall be paid 'for the complete loss of hearing in both ears', there is no express provision in the act for the loss of hearing in one ear. Even if the loss of hearing in one ear could be considered the loss of an ear, the word 'member' does not, in contemplation of the statute we are now discussing, embrace the ear."

In the case of Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609, we said:

"A 'physically impaired' person under the Special Indemnity Fund Act, O. O. 1943 Supp. Title 85 §§171-176, is one who as a result of any cause has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body classified and scheduled in 85 O.S. 1941 §22, subd. 3 (the arms, legs, feet, hands, fingers and toes) or the loss of the use, or partial loss of the use, of such specific and classified members which is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously had been adjudged and determined by the State Industrial Commission."

The ear is not one of the members referred to, classified and scheduled in 85 O.S. 1941 §22, subd. 3; therefore, the loss of hearing in the ear under the holding in the above case would not constitute respondent a physically impaired person as that term is defined by the Special Indemnity Fund Act.

Petitioner cites and relies upon the case of Bednar v. Ingersoll Rand Co., 279 N.Y. 80, 17 N.E. 2d 777, in which the Court of Appeals of New York held that an ear was a member of the body under the Workmen's Compensation Law of that state. It is, however, pointed out that the statute of that state so designates and classifies the ear. The statute of this state does not so designate and classify the ear. The case is therefore not in point.

Since respondent was not a physically impaired person within the meaning of the Special Indemnity Fund Act at the time he sustained his present injury, the commission was without authority to award compensation against the Fund.

Award vacated.