SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Delbert P. MICHAUD and the State Industrial Commission, Respondents.

No. 37609.

Supreme Court of Oklahoma.

Oct. 27, 1959.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

BERRY, Justice.

On November 22, 1955, Delbert P. Michaud, hereinafter referred to as claimant, filed a claim for compensation against his employer, Standard Roofing and Material Company, hereinafter referred to as the Fund, stating that on December 1, 1954, while in the employ of respondent he sustained an accidental injury consisting of an injury to his right eye resulting in complete loss of vision in that eye; that he was then a physically-impaired person by reason of a prior accident sustained by him resulting in permanent partial loss of hearing in both ears.

On the 20th day of December, 1955, the State Industrial Commission entered an award in favor of claimant against respondent for the injury sustained on December 1, 1954, in the sum of $2800.00 because of loss of sight in his right eye and reserved the case for further hearing as against the Fund.

On November 5, 1956, the case came on to be heard against the Fund. The trial judge at that hearing found that on December 1, 1954, claimant suffered an accidental

personal injury in the course of his hazardous employment with respondent resulting in 100 percent loss of vision of the right eye; that prior thereto claimant sustained 40 percent loss of hearing in the left ear and 20 percent loss of hearing in the right ear, by reason of which he was a physically-impaired person within the meaning of the Workmen's Compensation Law, and that such impairment was obvious to a layman; that by reason of the combination of said injuries claimant is now 37.5 percent permanently disabled, to the body as a whole, for the performance of ordinary manual labor, or an increase of 5.5 percent over and above all deductions allowed by law, for which he is entitled to recover from the Special Indemnity Fund the sum of $770, being 27.5 weeks at $28 per week. Upon such findings the trial judge entered an award in favor of claimant and against the Fund for $770.

The Fund brings the case here for review and contends that there is a total lack of evidence tending to show that claimant was a physically-impaired person at the time he sustained his present or last injury and the Commission was therefore without authority to enter an award against it.

In 85 O.S.1951 § 171, a physically-impaired person is defined as follows:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission."

The term "specific member" of the body mentioned in the above section of the statute refers to such members as are classified and scheduled as members of the body under 85 O.S.1951 § 22. See Special Indemnity Fund v. Stone, 201 Okl. 465, 207 P.2d 263, 264.

In the above cited case it is pointed out that "an employee who had sustained an accidental personal injury arising out of and in the course of his employment which resulted in loss of hearing in his left ear and who prior thereto as a result of an accident which he sustained in early childhood, had suffered the loss of hearing in his right ear, was not a physically impaired person as that term is defined by said Act"; that in "common usage of the term 'member' as applied to the human body means the extremities of the body, particularly the arms and legs"; and that "The ear is not one of the members referred to, classified and scheduled in 85 O.S.1941, § 22, subd. 3; therefore, the loss of hearing in the ear under the holding in the above case would not constitute respondent a physically impaired person as that term is defined by the Special Indemnity Fund Act."

In 1955, Sec. 22, supra, was amended to read in part as follows:

"Deafness: Total deafness from accident or sudden trauma, two hundred (200) weeks, and total deafness of one ▇ year from accident or sudden trauma, one hundred (100) weeks."

▇ "Compensation for accidental injury under the Workmen's Compensation Law has always been determined by the law in * ·* * effect at the time of the injury." General Electric Co. v. Folsom, Okl., 332 P.2d 950, 953, and cited cases.

We held in Phillips v. H. A. Marr Grocery Co., Okl., 295 P.2d 765, 769, that a provision of the Workmen's Compensation Act giving a substantive right does not operate retroactively.

▇ We are of the opinion that claimant at the time he sustained the eye injury was not a physically-impaired person within the purview of the Workmen's Compensation Act as said Act read at said time, and for said reason the Industrial Commission

erred in awarding claimant compensation against Fund.

Award vacated with directions to dismiss the claim as against the Fund.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.