INDEPENDENT SCHOOL DISTRICT NO. 89 and Associated Indemnity Corporation, Petitioners,

v.

Cordie A. McREYNOLDS and the State Industrial Court, Respondents.

No. 46737.

Supreme Court of Oklahoma.

Nov. 5, 1974.

**314**

H. W. Nichols, Jr., Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for petitioners.

E. W. Keller, and Larry Derryberry, Atty. Gen., Oklahoma City, for respondents.

DOOLIN, Justice.

This proceeding seeks review of a State Industrial Court order, affirming a trial judge's order, awarding respondent, hereafter claimant, compensation for death benefits for death of her husband as result of accidental injury in covered employment. The award was apportioned between claimant and three minor children who suffered pecuniary loss. The factual background which gave rise to the issues reviewed is uninvolved, and requires only brief summation.

Claimant's husband, the deceased, was a 48-year-old roofer with history of heart problems during seven years employment with respondent, a prior episode in 1968 requiring hospitalization, after which deceased returned to work. On November 26, 1969, deceased suffered an attack during work, went home after work feeling bad, was unable to eat or rest, and remained inactive until hospitalized two days later for treatment. Released December 11, 1969, to return home, deceased continued under regular care and treatment of a physician. In February or March, 1970, deceased had attempted to return to work but was forced to quit because he was unable to perform regular work and there was no light work to which he could be assigned.

Claim for compensation was adjudicated upon finding of total permanent disability. This award became final upon joint petition settlement of December 30, 1970. Thereafter deceased continued under a physician's regular care and treatment, was limited to sedentary activities, and suffered other episodes of heart trouble. During a house fire on January 3, 1972, deceased was overcome by smoke, and was hospitalized and treated for smoke inhalation and recurrent myocardial infarction until January 14, 1972, when released.

On April 2, 1972, deceased again was hospitalized for heart condition, shown by tests to be of same pattern as that suffered in 1969. After returning home deceased experienced greater difficulty, which was not relieved by medication. Deceased suffered a further heart episode on June 15, 1972, and immediately was hospitalized, but succumbed within a few minutes after arrival at the hospital.

Claimant made claim for death benefits and, after hearing (December 20, 1972) a trial judge entered an order finding deceased had suffered accidental injury in

November, 1969, which resulted in death June 15, 1972. Award was entered for maximum benefits, 85 O.S.1971, § 22, subd. 7(4), apportioned between claimant and minor children who suffered pecuniary loss. See Becknell v. State Industrial Court (Okl.) 512 P.2d 1180.

Respondents appealed from this order to State Industrial Court en banc. That court (June 30, 1973) unanimously affirmed the order and respondents then brought proceedings for review.

Two contentions are presented as grounds for vacating this order. The first urges deceased's death did not result from accidental injury received in November of 1969. Supporting argument rests upon respondents' analysis of the weight and quality of the medical evidence presented.

■ Whether deceased's death resulted from accidental injury in November of 1969, or resulted from other causes on June 15, 1972, was a question for the State Industrial Court, determination of which question is binding and conclusive upon review by the Supreme Court. Application of these principles precludes this Court from weighing conflicting medical evidence presented, and the record is examined only to ascertain whether the State Industrial Court determination of the question is supported by any competent evidence. Howey v. Babcock & Wilcox (Okl.) 516 P.2d 821.

■ After comparison of the medical evidence, respondents insist that the only reasonable conclusion is that deceased suffered a new and distinct accidental heart injury. This is derived from deposition evidence of a physician (Dr. C.) who reviewed deceased's medical history. In response to hypothetical question this doctor testified there was no relationship between the original heart attack and death on June 15, 1972, since deceased's primary problem was arteriosclerotic heart disease. However, Dr. C. acknowledged the original attack lessened capacity of deceased's heart.

Claimant introduced medical evidence from deceased's attending physician (Dr. D.), and of Dr. P. who examined deceased in 1970. Dr. D. was the family physician who treated deceased regularly for heart condition, and also was the attending physician who treated deceased during hospitalizations. The physician's records, and those of the hospital, established deceased suffered from recurrent myocardial infarction.

Dr. P.'s medical report was based upon physical examination after original heart attack, and review of deceased's history and hospital records concerning different episodes of hospitalization. Recognizing deceased's continuing symptoms of myocardial infarction, Dr. P. stated deceased never recovered from the original injury but continued to worsen, and expired from this condition which definitely was causally related to injury.

Respondents rely upon Ideal Cement Co. v. State Industrial Court (Okl.) 486 P.2d 712, as grounds for asserting incompetency of Dr. P.'s evidence. This argument is unpersuasive, particularly in view of our decision in Black, Sivalls & Bryson v. Bass (Okl.) 506 P.2d 902, wherein we pointed out *Ideal* had encroached into an area of settled law. Principles recognized and applied in Vierson & Cochran Drlg. Co. v. Ford (Okl.) 425 P.2d 965, and in Bass, supra, sufficiently answer respondents' argument. Particular emphasis is placed upon the latter decision, which not only presents a closely comparable evidentiary situation, but further directs comparison of medical evidence in *Ideal* with the quality and extent of medical evidence now reviewed. State Industrial Court determination of the issue is supported by competent evidence.

Respondents' second contention claims the amount of death benefits awarded is incorrect. On the date of the deceased's accidental injury, the applicable statute—85 O.S.Supp.1974, § 22, subd. 7, A—fixed $13,500.00 as the maximum death benefit. On the date of the death the applicable statute by amendment (S.L.1972, c. 219, § 1), permitted a total award of $25,000.00 for death benefits. 85 O.S.1971, § 22,

subd. 7(4). The parties agree the issue concerns which date controls the amount of recovery, and that the issue is a matter of first impression within purview of 85 O.S.1971, § 1 et seq.

Respondents' argument urges controlling nature of related past decisions, and judicial construction heretofore given legislation which materially changes an existing statute. Thus, in Washabaugh v. Bartlett Collins Glass Co., 177 Okl. 159, 57 P.2d 1162, this Court declared amendment of compensation law to permit revivor of awards which, prior to amendment terminated upon a claimant's death, was prospective only, and not intended to add or subtract from the right of either party at the time. Thus, an injury for which compensation had been awarded and paid prior to amendment established the rights, liabilities and privileges of the parties under the law. The right to compensation which accrues when injury occurs is a vested right, which cannot be disposed of by assignment, or will, and the obligation ceases upon death.

Also see Spec. Ind. Fund v. Michaud (Okl.) 345 P.2d 891, and Gen. Elec. Co. v. Folsom (Okl.) 332 P.2d 950, holding compensation for accidental injury always is determined by law in effect at the time of injury, and a provision of the Act giving a substantive right does not operate retroactively.

Respondents' argument, however, plainly attempts to equate injury and accidental death as creating the same cause of action, recovery for which inheres to the injured workman, although payable to survivors suffering pecuniary loss from his death. Reasoning upon which our prior decisions are based negates validity of this argument.

Upon initial consideration of meaning and effect of the death benefits act, this Court declared any provision of the Act which modified provisions of the wrongful death statutes, except to provide compensation for death resulting from injury in covered employment was void. A claim for death benefits under the Act must be filed and prosecuted by the same persons required to prosecute an action for wrongful death under 12 O.S.1971, §§ 1053–1054. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134.

Provisions of §§ 1053 and 1054, supra, require that damages must inure to exclusive benefit of the *surviving spouse and children,* or next of kin, to be apportioned under the statute. Two factors adequately demonstrate the determinative date for fixing award of death benefits must be the date of death. First, damages allowed under § 1053 must inure to survivors and be distributed to heirs. There are neither survivors nor heirs, within meaning of the statute, until death occurs.

Recognizably, a second factor appears by reason of the fact that heirs under the statute, supra, acquire no right of action until death occurs. This has been established by our former decisions.

In Roberts v. Merrill (Okl.) 386 P.2d 780, decedent had been awarded compensation for permanent total disability, and died more than five years following the date of injury. The trial judge denied claim for death benefits on the ground that claim was barred by limitations. Upon review this Court considered whether provisions of 85 O.S.1961, § 22, subd. 7, effected constitutional abridgement of, and operated to abrogate, a surviving widow's right of action for wrongful death in contravention of Const. Art. 23, Sec. 7.

After reviewing constitutional requirements and prior decisions, we held attempted modification of the statute, supra, operated to abridge a right of action for wrongful death and beyond legislative authority and unconstitutional. The decision in *Roberts* 386 P.2d 780, 784 quoted from *Fuller,* supra, to this effect:

"* * * It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to

recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S.1941 sec. 1053, St. L. & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A.1915E, 1141. No cause of action for death is created by Art. XXIII sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either. * * *"

Also see L. E. Whitham Const. Co. v. Remer (CCS 10) 105 F.2d 371, cited by claimant. In that case the Federal Court recognized, under Oklahoma Law, a cause of action for wrongful death is distinct from a cause of action accruing during a person's lifetime for personal injuries. Thus damages to a person cease with his death, but damages to survivors begin at, and flow from, the injured person's death.

In Roberts v. Merrill, supra, 386 P.2d at 783, this reasoning was the basis for declaring:

"(3) Any right of recovery for death, whether it be an action at law for wrongful death or by a claim for death benefits under the Workmen's Compensation Act, exists by reason of the provisions of 12 O.S.1961 § 1053. In *ALL* instances where an injured person may pursue a claim to recover compensation for an accidental injury, the persons authorized by 12 O.S.1961 § 1054, may, if death is asserted to result from that injury, pursue a remedy to recover death benefits. Quigley v. State Industrial Commission, Okl., 298 P.2d 415, 418. * * *"

The right of survivors and heirs to recover damages for wrongful death exists solely by reason of the statute. Those named in the statute have no right of action until death results from injury. When that event occurs the cause of action vests in those recognized in the statute. Since this statutory right does not arise until death, it follows that the right which vests must be determined under the law in effect on that date. The right of claimant and minor children to claim death benefits under 85 O.S.1971, § 22(7) did not accrue until June 15, 1972. Adjudication of those rights properly was made under the law applicable on that date.

Award sustained.

All Justices concur.