In the Matter of the DEATH OF James D. KNIGHT, Deceased.

Lennie Earlene KNIGHT, Petitioner,

v.

CHICKASHA FORD and the Workers' Compensation Court, Respondents.

No. 81595.

Supreme Court of Oklahoma.

June 28, 1994.

Albert M. Morrison and Antony C. Link, Oklahoma City, for petitioner.

Larry C. Brawner, Oklahoma City, for respondents.

WATT, Justice.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

James D. Knight was awarded permanent total disability benefits by the Workers' Compensation Court for an occupational disease he suffered while employed by respondent Chickasha Ford. The date of his last hazardous exposure was November 25, 1987. Disability benefits were paid Knight until his death on May 15, 1992. The parties stipulated that Knight died as a result of his occupational disease.

Petitioner Lennie Earlene Knight, James Knight's widow, filed a claim for death benefits with the Workers' Compensation Court. The court awarded petitioner a lump sum of $10,000.00 and continuing benefits of $184.37 per week. The weekly benefit award was based upon the State's Average Weekly Wage in effect at the time of James Knight's death.[1] A three judge panel of the Workers' Compensation Court held that the death benefits should be based upon the State's Average Weekly Wage at the time of James Knight's last hazardous exposure. Accordingly, the panel modified the weekly benefit award to $173.58.[2] On appeal, the Court of Appeals reversed the three judge panel's ruling and affirmed the decision of the trial court. This Court granted the employer's petition for certiorari on March 23, 1994.

## ISSUE

The sole issue to be decided in this proceeding is which date—the date of an employee's last hazardous exposure or the date of death—controls the amount of recovery for death benefits under the Workers' Compensation Act. We hold that the maximum amount of death benefits payable to a beneficiary under 85 O.S.1991 § 22(8) must be based upon the State's Average Weekly Wage in effect at the time of the employee's death.

## DISCUSSION

Weekly income benefits for the death of a worker covered by the Workers' Compensation Act are calculated pursuant to 85 O.S. 1991 § 22(8). The relevant provisions of that subsection state:

8. Income benefits for death. If the injury or occupational disease causes death, income benefits shall be payable in the amount and for the benefit of the persons following, subject to the maximum limits specified hereafter:

(a) Benefit amounts for particular classes of dependents.

(1) If there is a surviving spouse, to such surviving spouse fifty percent (50%) of the average weekly wages the deceased was earning.

\*   \*   \*   \*   \*   \*

(c) Maximum income benefits for death. For purposes of this section, the average weekly wage of the employee shall be taken as not more than the average weekly wage of the state. In no case shall the aggregate weekly income benefits payable to all beneficiaries under this section exceed the maximum income benefits that were or would have been payable for total permanent disability to the deceased.

---

1. The Schedule of Death Benefits in the *Handbook of the Workers' Compensation Court*, App., p. 138 (1990), provides that the State's Average Weekly Wage from November 1, 1990, to October 31, 1993, was $368.74. The maximum weekly death benefit for a surviving spouse with no dependent children is fifty percent (50%) of the State's Average Weekly Wage ($368.74 × .5 = $184.37). 85 O.S.1991 § 22(8)(a)(1) and (c).

2. The State's Average Weekly Wage from November 1, 1987, to October 31, 1990, was $347.16. *Handbook of the Workers' Compensation Court*, App., p. 137 (1990). Fifty percent (50%) of that amount equals $173.58. 85 O.S.1991 § 22(8)(a)(1) and (c).

The above provisions, in effect at the time of the deceased's death, are identical in all respects to the law in effect at the time of the deceased's last hazardous exposure, 85 O.S.Supp.1987 § 22(8)(a)(1) and (c).

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in a statute. *Public Serv. Co. of Okla. v. State ex rel. Corp. Comm'n*, 842 P.2d 750, 752 (Okla.1992). In construing a statute, "relevant provisions must be considered together, where possible, to give force and effect to each other." *Id.,* quoting *Ledbetter v. Okla. Alcoholic Bev. Laws Enforcement Comm'n*, 764 P.2d 172, 179 (Okla.1988). Furthermore, this Court has held that the Workers' Compensation Act must be liberally construed "in favor of those for whose protection the statutory compensation was fixed and who, by the terms of the act, are deprived of the ordinary remedies open to others whose rights are invaded." *Burger v. Lickliter*, 319 P.2d 594, 598 (Okla.1957), quoting *Denbo v. Roark*, 196 Okla. 386, 164 P.2d 977, 980 (1945).

Respondent asserts that under § 22(8)(a)(1) petitioner is entitled to 50% of the average weekly wages her husband was earning *at the time of his last hazardous exposure*. This interpretation is based upon the employer's argument that the deceased did not "earn" any wages, within the meaning of this provision, after he became permanently totally disabled as a result of his occupational disease. This Court declines to adopt such a narrow interpretation of this provision. The term "earning" is not defined in subsection (8)(a)(1). However, for the reasons stated below, we hold that "earning" under this statute is not limited to that amount of money the deceased was formerly paid for actual physical labor.

Initially, we find that the employer's proffered interpretation of subsection (8)(a)(1) is inconsistent with the purpose of the Workers' Compensation Act. This Court has held that the purpose of the Act is to compensate injured workers for loss of earning power and disability to work. *Special Indemnity Fund v. Treadwell*, 693 P.2d 608, 610 (Okla. 1984); *Service Pipe Line Co. v. Cargill*, 289 P.2d 961, 962 (Okla.1955). In the present case, the deceased's award for permanent total disability was intended to compensate him for his lost earning power.[3] Thus, for purposes of subsection (8)(a)(1), the disability award paid the deceased represented the amount he was "earning" at the time of his death.

The employer's argument is also contrary to the provisions of 85 O.S.1991 § 3.6(D)[4] and prior decisions of this Court. In *Independent School Dist. No. 89 v. McReynolds*, 528 P.2d 313 (Okla.1974), the worker suffered a heart attack in 1969 for which he was awarded total permanent disability benefits. When the worker died in 1972 as a result of his prior job-related heart attack, his widow and children were awarded maximum death benefits under 85 O.S.1971 § 22(7)(4). On appeal, the employer argued the maximum death benefit award should have been $13,-500.00 under the statute in effect at the time of the worker's accidental injury, 85 O.S.Supp.1968 § 22(7)(A), rather than $25,-000 under the statute in effect at the time of the worker's death, 85 O.S.1971 § 22(7)(4). In determining which statute controlled the amount of recovery, we held:

The right of survivors and heirs to recover damages for wrongful death exists solely by reason of the statute. Those named in the statute have no right of action until death results from injury. When that event occurs the cause of action vests in those recognized in the statute. Since this statutory right does not arise until death, it follows that the right which

---

3. Permanent total disability is defined as "incapacity because of accidental injury or occupational disease to earn *any wages* in any employment for which the employee is or becomes physically suited and reasonably fitted by education, training or experience...." 85 O.S.1991 § 3(12) (emphasis added). Because the deceased's occupational disease rendered him permanently and totally unable to earn any wages, he lost 100% of his earning power.

4. Section 3.6(D) provides *inter alia:*

Benefits for an injury shall be determined by the law in effect at the time of injury; benefits for death shall be determined by the law in effect at the time of death.

vests must be determined under the law in effect on that date. The right of claimant and minor children to claim death benefits under 85 O.S.1971, § 22(7) did not accrue until June 15, 1972. Adjudication of those rights properly was made under the law applicable on that date.

*Id.* at 317.

A holding mirroring that set forth above was announced in *Lekan v. P & L Fire Protection Co.,* 609 P.2d 1289 (Okla.1980). After restating the provisions of 85 O.S. § 3.6(D), the Court held:

> The claim for benefits and the correlative duty to pay them are governed by the provisions of the law in effect when injury or death occurs. It is at this point in time that the right becomes vested and the obligation is fixed. The compensation rate to be applied in each case is that which was prescribed by statute for the period during which the compensable event—injury or death—takes place.

*Lekan,* 609 P.2d at 1291 (footnotes omitted). Similarly, in *Bostick Tank Truck Service v. Nix,* 764 P.2d 1344 (Okla.1988), we stated, "The quantum of statutory death benefits due a claimant is determined by the law in effect at the time of the worker's death." *Id.* at 1349, citing § 3.6(D) and *McReynolds,* 528 P.2d at 315.

In the present case, petitioner's cause of action for accidental death did not arise at the time her husband was afflicted with an occupational disease. *McReynolds,* 528 P.2d at 316. Her right to claim death benefits and respondent's correlative duty to pay them became fixed at the time of her husband's death. The statute in effect at the time of death, 85 O.S.1991 § 22(8), not only specifies those who may claim death benefits as beneficiaries and the amounts owed them, it also sets forth a maximum amount based upon the State's Average Weekly Wage. The State's Average Weekly Wage in effect at the time of James Knight's death was $368.74, fifty percent (50%) of which equals $184.37. *See* note 1, *supra.* Accordingly, the trial court's award of weekly death benefits to petitioner in the amount of $184.37 was correct.

## CONCLUSION

The right of beneficiaries to claim death benefits under the Workers' Compensation Act does not accrue until the time of the employee's death from an occupational illness or injury. The maximum amount of weekly death benefits payable to a beneficiary under 85 O.S.1991 § 22(8) must be based upon the State's Average Weekly Wage in effect at the time of the employee's death not at the time of employee's last hazardous exposure or injury. Thus, the trial court properly awarded death benefits to petitioner based upon the State's Average Weekly Wage in effect at the time of her husband's job-related death.

Certiorari previously granted. The opinion of the Court of Appeals is vacated. The order of the Workers' Compensation Court is sustained.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

HODGES, C.J., concurs by reason of stare decisis.

KAUGER, J., concurs in result.