2012 OK 104

## Charles PRINCE, Petitioner,

v.

## BRAKE REBUILDERS & FRICTION PRODUCTS, INC., Truck Insurance Exchange and the Workers' Compensation Court, Respondents.

### No. 109,516.

Supreme Court of Oklahoma.

Dec. 4, 2012.

Rehearing Denied Feb. 25, 2013.

Susan H. Jones, Tulsa, Oklahoma, for Petitioner.

Jerry Freeman, Oklahoma City, Oklahoma, for Respondents.

*OPINION*

WATT, J.

¶ 1 Charles Prince (Claimant) filed a claim in the Workers' Compensation Court on January 13, 2009, alleging a cumulative trauma employment-related injury to his right foot, with date of last exposure on November 24, 2008. On April 28, 2009, the trial court found Claimant sustained a cumulative trauma injury to his right foot and ordered Employer, Brake Rebuilders & Friction Products, Inc., to select a physician to treat Claimant and to provide "such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, diagnostic testing and referral as may be deemed necessary by the treating physician to the claimant's right foot." The court found his date of last exposure was November 24, 2008.

¶ 2 Claimant later amended his Form 3 on July 23, 2009, to add his low back as a cumulative trauma injury arising out of his original injury. On December 9, 2010, the trial court denied his claim for his low back injury and ordered the prior order "remains in full force and effect except the date of last exposure is corrected to be December 24, 2008." On May 5, 2011, a three judge panel affirmed the trial court's order. Claimant appealed.

¶ 3 In a published opinion filed November 18, 2011, the Court of Civil Appeals (COCA) vacated the order of the three judge panel and remanded the case for further proceedings. In its opinion at ¶ 17, COCA held as follows:

Additionally, Claimant testified he currently had pain in his back even though it initially had manifested only as foot and ankle pain. That Claimant sustained a work-related cumulative trauma back injury is supported by the clear weight of the evidence. Therefore, the order of the three-judge panel affirming the trial court's denial of a work-related cumulative trauma back injury is not supported by the clear weight of the evidence. 85 O.S. Supp.2011 § 340(D).

¶4 Employer sought certiorari review which this Court granted on February 29, 2012. In its petition, Employer contends COCA erred in applying "the clear weight" standard because the injury arose before either the 2010 amendment to 85 O.S. § 3.6(C),[1] or the enactment of the new Workers' Compensation Code (the Code), 85 O.S. 2011 §§ 301–413, effective August 26, 2011, specifically § 340(D).[2] Those amendments changed the standard of review in workers' compensation cases to "the clear weight of the evidence" standard from the prior standard of "any competent evidence" announced in *Parks v. Norman Municipal Hospital*.[3] Employer argues that Claimant's date of injury is the date which determines his substantive rights in connection with his claim. That date has been established as December 24, 2008, the date of last exposure, which neither party disputes.

¶5 COCA's opinion contains no discussion of whether the date of the injury establishes anything more than whether the claim was timely filed or whether the correct rate of compensation was used. Although the opinion indicates the **claimant** argued the date of his injury required consideration of his appeal under the "any competent evidence" standard, it instead analyzed the evidence under "the clear weight" standard because of

the statutory language in § 340(D), "regardless of the date of injury." Based on the clear weight of the evidence, COCA held the three judge panel erred in affirming the denial of the claim for the low back. It vacated and remanded for further proceedings. Now, **Employer** argues COCA should have used the "any competent evidence" standard to affirm the three judge panel's denial of benefits for claimant's low back injury because it occurred before the statutory amendments. We agree.

¶6 The date of the injury in a workers' compensation case determines the law which governs a claim brought by an injured employee. We addressed a similar issue in our recent case of *Williams Companies, Inc. v. Kristy Dunkelgod and the Workers' Compensation Court*, 2012 OK 96, 295 P.3d 1107, on November 20, 2012, which determines the present case. In *Dunkelgod*, the claimant, rather than the employer, argued in favor of the application of the "any competent evidence" standard because the date of injury preceded August 26, 2011. We held the standard of review was a substantive right which had accrued when the claimant became entitled to bring her claim against the employer and receive compensation. Thus, we held the new statute, 85 O.S. § 340(D), was inapplicable to any claim which had accrued before August 26, 2011. In *Dunkelgod*, the claim accrued on June 11, 2001, the date of her injury. In the present case, the claim accrued on December 24, 2008, the date of claimant's last exposure. In each instance, the law prior to August 26, 2011 applies, and the "any competent evidence" standard of review must be applied.

¶7 Section 340(D) is substantive and cannot be applied to injuries which occurred before August 26, 2011. In *Dunkelgod*, supra, we held:

> D. [A]fter the effective date of this act, **regardless of the date of injury**, the Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:
> . . .
> 4. The order or award was against the clear weight of the evidence. [emphasis added]

1. 85 O.S.2001 § 3.6(C) was amended on November 1, 2010, as follows:

   C. [T]he Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:
   . . .
   4. The order or award was against the clear weight of the evidence.

2. 85 O.S.2011 § 340(D) provides:

3. 1984 OK 53, 684 P.2d 548.

¶ 14 A cause of action accrues when the plaintiff could have first maintained an action. See gen., *Cowart v. Piper Aircraft Corporation*, 1983 OK 66, 665 P.2d 315, 318. In workers' compensation cases, the claim accrues on the date of the injury. *King Manufacturing v. Meadows*, 2005 OK 78, 127 P.3d 584; *Independent School District No. 89 v. McReynolds*, 1974 OK 136, 528 P.2d 313; *Spec. Ind. Fund v. Michaud*, 1959 OK 203, 345 P.2d 891; and *General Electric Co. v. Folsom*, 1958 OK 279, 332 P.2d 950. The date of injury or death also determines the compensation allowed a particular claimant. *Independent School District No. 89 v. McReynolds*, 1974 OK 136, 528 P.2d 313; *Spec. Ind. Fund v. Michaud*, supra; and *General Electric Co. v. Folsom*, supra.

. . .

¶ 16 The Oklahoma Constitution guarantees that any cause of action which has accrued may not be destroyed by the Legislature after the suit has been commenced. Similarly, claims which have become barred, due to the passage of time or by statute, may not be revived by the Legislature. See Okla. Const., Art. 5, § 52:

> **Revival of rights or remedies—Taking away cause of action or defense**
> The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State. After suit has been commenced on any **cause of action,** the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit. [emphasis added].

¶ 17 Additionally, accrued rights and proceedings begun pursuant to statute are protected against the repeal of those statutes. See Okla. Const., Art. 5, § 54:[4]

**Repeal of statute—Effect**

> The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.

¶ 18 The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues. It is determined as of the date of injury and is a substantive right which remains unaffected by later-enacted legislation, despite statutory language to the contrary. See *Dunlap,*[5] *Nomac,*[6] supra; Okla. Const., Art. 5, §§ 52, 54. Our constitution protects the accrual of a cause of action so that a person's failure to exercise rights under a statute prior to the statute's repeal does not result in the loss of those rights. *Hammons v. Muskogee Medical Center Authority,* 1985 OK 22, 697 P.2d 539, 542. Generally, a statute or its amendments will have only prospective effect unless it clearly provides otherwise. *Id.* While the statute at issue, § 340(D), provides that the date of injury is irrelevant, applying this provision as written would allow the unconstitutional abrogation of an accrued right. *Hammons,* supra, [697 P.2d] at 542.

¶ 8 In the present case, the denial of the award for Claimant's lower back was supported by competent evidence, the standard of review which is applicable to this case. Neither party objected to the medical evidence presented. COCA found more evidence in support of Claimant's low back injury, but Employer presented evidence from its medical expert which denied that the injury to either the low back or the right foot arose out of Claimant's employment. The date of the injury determines the law to be used in a workers' compensation claim and

---

4. We held in Cowart, supra, that Art. 5, § 54 prohibited the repeal of an act from destroying a cause of action which had already accrued, even though the action had not been filed before the statute was repealed. 665 P.2d at 317–318.

5. *Dunlap v. The Multiple Injury Trust Fund,* 2011 OK 14, 249 P.3d 951.

6. *Nomac Drilling LLC v. Mowdy,* 2012 OK 45, 277 P.3d 1282.

applies equally to employers and claimants alike. See *Dunkelgod,* supra.

¶ 9 Based on our decision in *Dunkelgod,* supra, and the law on the date of Claimant's injury, the opinion of the Court of Civil Appeals is vacated.

¶ 10 **COURT OF CIVIL APPEALS' OPINION IS VACATED; WORKERS' COMPENSATION COURT'S ORDER IS SUSTAINED; REMANDED FOR FURTHER PROCEEDINGS.**

COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, JJ., concur.

TAYLOR, C.J., GURICH, J., concur in result.