ROWE v. ROWE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ROWE v. ROWE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ROWE v. ROWE
2020 OK CIV APP 33
Case Number: 118249
Decided: 04/30/2020
Mandate Issued: 04/17/2020
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2020 OK CIV APP 33, __ P.3d __

 

JAMES ROWE &/or AUTO MEDIC CAR CARE and FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, Petitioners,
v.
THERESA ROWE and THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS, Respondents.

PROCEEDING TO REVIEW AN ORDER OF THE
WORKERS' COMPENSATION COURT OF EXISTING CLAIMS

HONORABLE MARGARET BOMHOFF, TRIAL JUDGE

SUSTAINED IN PART, VACATED IN PART,
AND REMANDED FOR FURTHER PROCEEDINGS

Richard W. Wassall, STEIDLEY & NEAL, P.L.L.C., Tulsa, Oklahoma, for Petitioners

C. Scott Beuch, Oklahoma City, Oklahoma, for Respondents

KEITH RAPP, JUDGE:

¶1 James Rowe and Auto Medic Car Care (Employer) and Employer's workers' compensation insurer, Farmers Alliance Mutual Insurance Co. (Insurer), appeal a decision of the Three-Judge Panel of the Workers' Compensation Court of Existing Claims (Panel). The Panel's decision affirmed the trial court's Order awarding Theresa Rowe (Claimant) death benefits.

BACKGROUND

¶2 This appeal presents two issues. The first issue is whether Claimant's action is barred because Claimant did not file a timely request for a hearing before the workers' compensation court. The facts pertaining to this issue are not disputed.

¶3 The second issue is whether the work-related injury was the cause of death of Dwight Freeman Rowe. This issue involves the medical evidence submitted by Employer and by Claimant.

¶4 Dwight Rowe worked for his brother. He sustained a work-related injury when a vehicle pinned him against a workbench. The injury occurred on April 6, 1981. His injury left him as a paraplegic. He was adjudicated permanently disabled on July 11, 1995.

¶5 Employer's insurer has provided medical benefits since and to the time of death. Insurer paid the last medical benefit payment on April 22, 2015.

¶6 Dwight Rowe died on March 30, 2014. Claimant is his surviving spouse. On October 31, 2014, Claimant filed her claim for death benefits. Claimant did not file a Form 9, Motion to Set for Trial, until June 21, 2017. Employer filed an answer. In the answer, Employer claimed that the death was not caused by the work-related injury but by refusals to accept medical treatment. Next, the answer defended on the ground that the motion for a trial setting was filed more than two years after the filing of the claim. Thus, Employer argued the two-year statute in effect on the date of death controlled. Claimant argued that the five-year period provided by the statute in effect on the date of injury controlled.[1]

¶7 The trial court originally applied the two-year limitation of current statutory law. The Panel reversed and the trial court then awarded Claimant her death benefits. The Panel affirmed and this appeal followed.

STANDARD OF REVIEW

¶8 The issue arising from the late filing of the Form 9 requires interpreting statutory law and decisions of the Oklahoma Supreme Court. Thus, a question of law is presented which calls for a de novo review of the legal rulings of the Panel. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.

¶9 Employer proposed the clear weight of the evidence standard in 85 O.S.2011, § 340(D) regarding the issue of the cause of death. Claimant did not disagree. This Court will utilize this standard for this issue.

ANALYSIS

A. Sufficiency of the Evidence

¶10 Dwight Rowe's injury left him as a paraplegic. He lived for more than thirty years after the injury. Employer and Insurer maintain that his death from sepsis and malnutrition were attributed to his noncompliance with and refusal of medical treatment. Their physician's report provided a medical opinion that his cause of death was not from the injury but was the result of noncompliance leading to complications and death.

¶11 Claimant's medical report concluded that the injury ultimately caused the death. Claimant's medical report described the severity of the injury and the severe consequences flowing from that injury. The significant causes of death listed on the death certificate were severe chronic decubitus ulcers, paraplegia, chronic kidney disease, and chronic nephrostomy tube. In his deposition, Claimant's physician described the severity of the consequences of Dwight Rowe's injury. He stated that most people die much earlier in such cases. The ulcers, the kidney disease, other consequences of the injury to his physical person, and the treatments all contributed to death. He described the extraordinary medical efforts involved in treatment and which do not ultimately prevent death. As the physician said:

I mean, this is going to be what kills him, whether it's, you know, three months, nine months, five years down the road. I mean, this is what happens. It's the nature of the beast.

Claimant's Ex. 1, p. 18.

¶12 The trial court and Panel had sufficient evidence regarding cause of death and their conclusion is not against the clear weight of the evidence. The conclusion that Dwight Rowe's death was the result of his work-related injury is not disturbed.

B. Deadline to Request a Hearing

¶13 There are two statutes involved. The first is 85 O.S.1981, § 43(B). This statute was in effect on the date of Dwight Rowe's injury. Section 43 deals, in part, with dismissal of a workers' compensation claim for want of prosecution. The provision at issue here reads:

When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. Provided, that any claims heretofore filed and pending on the effective date of the Workers' Compensation Act before the State Industrial Court shall likewise be barred after the expiration of five (5) years from the filing date or within five (5) years from the date of last payment of compensation or wages in lieu thereof.

¶14 The second statute, 85 O.S.2011, § 318(E), was in effect on the date Claimant filed her claim for death benefits. This statute provides:

E. When a claim for compensation has been filed with the Administrator of the Workers' Compensation Court as provided in this act, unless the claimant shall in good faith request a hearing for benefits within two (2) years from the date of filing thereof or within two (2) years from the date of last payment of medical treatment or compensation or wages in lieu thereof, same shall be barred and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim benefits thereunder.

¶15 It is undisputed that the Form 9 request for a trial was filed outside any two-year period of Section 318(E). When first presented with the issue, the Panel ruled:

THE APPEALS PANEL FINDS THE PROPER STATUTE IN THIS MATTER IS THE FIVE (5) YEAR STATUTE PURSUANT TO THE DATE OF INJURY ON APRIL 6, 1981. THE PANEL FINDS THE STATUTE IN QUESTION IS A SUBSTANTIVE RIGHT NOT A PROCEDURAL ONE. UNDER ARTICLE 5 §541 OF THE OKLAHOMA CONSTITUTION ACCRUED RIGHTS AND PROCEEDINGS BEGUN PURSUANT TO STATUTE ARE PROTECTED AGAINST REPEAL OF THOSE STATUTES. THEREFORE, THE PANEL FINDS THE CLAIM HAS BEEN PROSECUTED TIMELY AND REMANDS BACK TO THE TRIAL COURT TO DETERMINE COMPENSABILITY ISSUES.

¶16 It is well-settled that an injured worker's rights under the law are established by the law in effect on the date of injury. Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶ 14, 295 P.3d 1107, 1111. The Opinion in Dunkelgod reviewed Section 43(B) and prior decisions in that context. The Court's Opinion stated:[2]

In King, we cited to Cole v. Silverado Foods, Inc., 2003 OK 81, 78 P.3d 542, which addressed the effect of an amendment to 85 O.S. §43(B) decreasing the length of time in which a claimant must request the adjudication of a pending claim. The effect of the amendment in that case was to foreclose the claimant's right to have her claim heard. We held that the amendment of § 43(B) in that case was much more than a remedial, procedural action which impacted only the time in which a claim could be brought. Its impact would have destroyed the claimant's substantive right to receive a portion of her unadjudicated "statutorily 'recoverable compensation.'" Cole, ¶12, 78 P.3d at 548, citing Magnolia Petroleum Co. v. Watkins, 1936 OK 372, 57 P.2d 622, 623, 177 Okl. 30. Significantly, we also found the statute allows an employer to invoke the same lapse of time to defeat its own statutory liability, i.e., a "liability-defeating defense," for unadjudicated benefits. Cole, ¶11-12, 78 P.3d at 547-548. We said:

Section 43(B) stands as an employer's liability-defeating defense against an employee's untimely quest for permanent disability's adjudication. A statutory defense constitutes an accrued right. To modify one's defense against a claim changes its character and potency. That change decreases here the time period from five to three years during which an employer may extinguish its liability. Retroactive application of § 43(B) would make the employer's defense much more extensive than it stood at the time the claim was brought. The amendment also affects the merits of Cole's claim. She would have to confront a different defense. Because the amendment refashions § 43(B) into a different and more extensive liability-defeating mechanism, it destroys the claimant's right to present her claim free from being subjected to new and more extensive instruments of destruction. Inasmuch as the amended version of § 43(B) operates here on rights in existence, its terms are subject solely to prospective application. [emphasis added].

Cole v. Silverado, ¶ 13, 78 P.3d at 548.

Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶ 15, 295 P.3d at 1112.

¶17 In Cole, the Court addressed whether the five-year deadline to request a hearing, or an intervening statute's three-year deadline, applied to an injured employee. The Court applied the same rationale as in Dunkelgod and held that the date of injury controlled so the five-year deadline applied.

¶18 Thus, clearly, Dwight Rowe would have five years to seek a hearing. However, Dunkelgod does not directly answer whether Claimant here, as surviving spouse, has the identical rights as the injured employee with respect to the deadline for requesting a hearing. Of course, the facts in Dunkelgod involved an injured employee and not a survivor. Nevertheless, the above quoted Opinion contains the statement, "The date of injury or death also determines the compensation allowed a particular claimant." Dunkelgod, 2012 OK 96, ¶ 14, 295 P.3d at 1111 (emphasis added).

¶19 The Court cited the case of Independent School District No. 89 v. McReynolds, 1974 OK 136, 528 P.2d 313. There, the claim was for death benefits and the issue was whether those benefits were calculated on the date of injury or the date of death. The Court ruled that the date of death controlled. The Court distinguished the cause of action that belonged to the injured employee from the cause of action belonging to survivors. The causes are separate, independent causes. The former is derived from common law, whereas the latter is statutory. McReynolds, 1974 OK 136, ¶¶ 21-24, 528 P.2d at 316-17.

¶20 In In re Death of Knight, 1994 OK 74, ¶ 3, 877 P.2d 602, 603, the Court stated the issue for decision and the holding.

The sole issue to be decided in this proceeding is which date - the date of an employee's last hazardous exposure or the date of death - controls the amount of recovery for death benefits under the Workers' Compensation Act. We hold that the maximum amount of death benefits payable to a beneficiary under 85 O.S. 1991 § 22 (8) must be based upon the State's Average Weekly Wage in effect at the time of the employee's death.

¶21 The Court provided the premise for the Court's holding.

The right of beneficiaries to claim death benefits under the Workers' Compensation Act does not accrue until the time of the employee's death from an occupational illness or injury.

In re Death of Knight, 1994 OK 74, ¶ 11, 877 P.2d at 605.

¶22 The problem with the Panel's broad statement, set out above, is that there is an underlying assumption that both the injured worker and the survivor in case of death have the same substantive rights under the statutes. In other words, the Panel's conclusion assumes that there is a homogeneous bundle of rights under the workers' compensation statutory scheme which accrue on the date of injury to not only the injured worker but also to the worker's survivor in the event of a death related to the injury.

¶23 However, under the Oklahoma Supreme Court's separate, independent causes of action rationale, the claim for death benefits would not exist until death. The date of death would control. In that case, Claimant's duty to request a hearing would have a two-year deadline.

¶24 Therefore, based upon the foregoing review of Oklahoma Supreme Court Opinions, this Court holds that Claimant's quest for death benefits is governed by the law in effect on the date of her husband's death. Consequently, she had two years to file a request for hearing and the Panel erred in ruling otherwise.

¶25 Although this Court's holding requires reversal of the Panel's decision, it does not require that an Order be entered at this time denying Claimant her death benefits.

¶26 Employer and its Insurer characterize the statute as a statute of repose. It is not.[3] Cole, 2003 OK 81, 78 P.3d 542, n.23; McClish v. Woodarts Inc., 2014 OK CIV APP 41, 324 P.3d 409. As a statute of limitations, the running of the period of limitation can be tolled. Id. Here, Claimant has argued that the delay was the result of Insurer's not providing health records in a timely manner and when provided they were in a format that could not be translated without special assistance. As a result, counsel was delayed in obtaining a medical report and the report is a necessary element before he could reasonably request a hearing.

¶27 Whether the running of the statute has been tolled is a fact dependent issue. These facts have not been ascertained below. An appellate court does not make first instance determinations of facts. Bivins v. State ex rel. Oklahoma Memorial Hosp., 1996 OK 5, ¶ 19, 917 P.2d 456, 464. Therefore, this Court vacates the Order of the three-judge panel and remands the cause for further proceedings to determine whether there was a tolling of the statute and, if so, whether the request for a hearing was then timely.

CONCLUSION

¶28 Claimant seeks death benefits as the surviving spouse of an injured employee. There is a conflict in the evidence as to whether the employee's injury was the cause of death. The trial court's and Panel's conclusions that the death resulted from the injury is not against the clear weight of the evidence. This conclusion is not disturbed.

¶29 The statute in force when Claimant filed for death benefits required that she request a hearing within two years or the case would be dismissed. The request for hearing was not filed within two years. With respect to death benefits, the date of death and not the date of injury controls. If the date of injury did control, Claimant would have five years to request a hearing and her request here would have been timely.

¶30 The Panel ruled that the date of injury controlled. This ruling is erroneous and requires reversal. However, Claimant argued that there were circumstances caused by Employer and Insurer which caused or contributed to the delay. The statute providing for a two-year deadline is not a statute of repose. Therefore, this Court finds that the cause must be remanded for further proceedings to factually determine whether the statutory time was tolled, and, if so, whether the filed request for hearing was then timely.

¶31 The Panel's decision necessarily rejecting the argument of Employer and Insurer that the injury was not the cause of death is sustained. The Panel's decision that the filing of the request for relief was not governed by the statute in force when the claim arose is vacated. Thus, Claimant had two years to request relief. The cause is remanded for further proceedings in accord with this Court's Opinion.

¶32 SUSTAINED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

BARNES, P.J., and FISCHER, J., concur.

FOOTNOTES

[1] Claimant also argued that the delay was attributed to Employer's delay in providing medical records, coupled with difficulty in transcribing the records from the recording provided. The decisions below do not appear to have been influenced by this argument.

[2] The quoted language forming the Panel's ruling finds general support in Dunkelgod.

[3] The Court in Cole explained:

A statute of repose bars a suit a fixed number of years after the defendant acts in some manner (generally in the design or manufacture of a product), even if the repose period ends before a plaintiff suffers injury. Although statutes of repose and statutes of limitations bear some similarities to one another, each also possesses distinct characteristics. While both are designed to provide repose for a defendant, a statute of limitations places a limit on a plaintiff's time to bring an action. After the prescribed time period has lapsed, a statute of limitations extinguishes the remedy for the redress of an accrued cause of action. This is not so with a statute of repose. The latter bars potential liability by limiting the time during which a cause of action may arise. It serves to bar a claim even before it accrues. A statute of limitations will punish those who sleep on their rights, while a statute of repose will bar recovery, despite a plaintiff's diligent efforts to assert the claim.

Cole, 2003 OK 81, 78 P.3d 542, n.23 (citations omitted).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2014 OK CIV APP 41, 324 P.3d 409, MCCLISH v. WOODARTS INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 74, 877 P.2d 602, 65 OBJ 2230, Death of Knight, Matter of
Discussed at Length
 1936 OK 372, 57 P.2d 622, 177 Okla. 30, MAGNOLIA PETROLEUM CO. v. WATKINS
Discussed at Length
 1974 OK 136, 528 P.2d 313, INDEPENDENT SCHOOL DISTRICT NO. 89 v. McREYNOLDS
Discussed at Length
 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed at Length
 1996 OK 5, 917 P.2d 456, 67 OBJ 206, Bivins v. State ex rel. Okl. Mem. Hosp.
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed at Length
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 318, Repealed
Cited
 85 O.S. 340, Repealed
Cited
 85 O.S. 22, Repealed
Cited
 85 O.S. 43, Repealed
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA