2012 OK CIV APP 36

**Horace E. SCOTT, Petitioner,**

v.

**SPRINT PCS and American Casualty Co. of Reading, Pa., and The Workers' Compensation Court, Respondents.**

**No. 109275.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 20, 2012.

Certiorari Denied March 26, 2012.

---

John R. Colbert, Brett A. Morton, J. Colbert & Associates, Ardmore, Oklahoma, for Petitioner.

John A. McCaleb, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for Respondents.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Petitioner Horace Scott seeks review of an order by a three-judge panel of the Workers' Compensation Court which affirmed and modified the trial court's order. We sustain.

¶ 2 Scott filed his Form 3 June 17, 2010, in which he alleged cumulative trauma injuries to the neck and hands caused by continuous and repetitive use of a keyboard and monitor. Scott asserted January 31, 2009 was the last date of exposure. In its Form 10, Employer denied Scott sustained an injury in the course and scope of employment, and denied Scott timely notified Employer about the injury.

¶ 3 Following trial held September 2, 2010, the Workers' Compensation Court entered its Order September 7, 2010, in which it found Scott sustained cumulative trauma injuries to both hands and his neck (cervical spine) arising out of and in the course of employment. The court found the date of first awareness was June 2008 and the date of last exposure was December 31, 2009. The court further found cumulative trauma was the major cause of the injuries. The court set the rates for TTD and PPD, but it did not award compensation. Finally, the court directed Employer to name treating physicians to provide medical treatment or surgery as necessary for Scott's injuries.

¶ 4 Scott filed his Form 9 October 7, 2010, in which he sought TTD from December 31, 2009. Following a December 29, 2010 hearing, the trial court issued its order January 4, 2011, in which it awarded TTD from February 12, 2010 to date and continuing for up to 52 weeks.

¶ 5 Employer appealed the January 2011 order to a three-judge panel, arguing that the panel should find Scott is not entitled to TTD, or alternatively, order TTD benefits to begin June 10, 2010, the date that Scott had surgery on his right hand. At the hearing before the panel, Employer conceded that Scott was entitled to TTD beginning at the time of surgery and for eight weeks before the surgery. The panel issued its order March 9, 2011. The panel directed that TTD be paid from "April 29, 2010, which is (8) weeks for soft tissue prior to surgery on June 10, 2010, . . . ." The panel otherwise affirmed the trial court's TTD order.

¶ 6 We will sustain the panel's order unless we find: 1) the court acted without, or in excess of, its powers; 2) the order or award was contrary to law; 3) the order or award was procured by fraud; or 4) the order or award was against the clear weight of the evidence. 85 O.S.Supp.2011 § 340(D).[1]

¶ 7 This case involves a claim of cumulative trauma to the neck (cervical spine) and hands. The Workers' Compensation Act provides that cumulative trauma is considered a soft tissue injury, and it limits TTD for non-surgical soft tissue injuries to eight

---

1. Scott filed his brief in this review proceeding June 7, 2011, and in it he urged the panel's order was not supported by competent evidence. That standard of review is no longer applicable since Section 340(D) became effective August 29, 2011. Section 340(D) expressly prescribes the new standard regardless of the date of injury. Scott has not sought to amend his brief to urge his claims of error under the new review standard.

weeks. 85 O.S.Supp.2009 § 22.[2] As noted above, the panel affirmed the finding that the date of injury was December 31, 2009. The trial court awarded up to 52 weeks of TTD beginning February 10, 2010. In accordance with the statute, the panel reduced the award of TTD to "(8) weeks for soft tissue *prior to surgery.*" (Emphasis added.)

**2.** At the time of Scott's injury, Section 22 provided, in pertinent part:

Soft Tissue Injury: In case of a nonsurgical soft tissue injury, temporary total compensation shall not exceed eight (8) weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total compensation and the court may order such an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that such an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed, the benefits for the extension period shall be terminated. For purposes of this section, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. "Soft tissue injury" includes, but is not limited to: sprains, strains, contusions, tendonitis, and muscle tears. Cumulative trauma is to be considered a soft tissue injury. "Soft tissue injury" does not include any of the following:

(1) Injury to or disease of the spine, spinal disks, spinal nerves or spinal cord, where corrective surgery is performed;

(2) Brain or closed-head injury as evidenced by:

a. sensory or motor disturbances,

b. communication disturbances,

c. complex integrated disturbances of cerebral function,

d. episodic neurological disorders, or

e. other brain and closed-head injury conditions at least as severe in nature as any condition provided in subdivisions a through d of this division; or

(3) Total knee replacement.

In all cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section, unless there is objective medical evidence of a permanent anatomical abnormality. In determining the existence of such an abnormality, the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired.

The 2011 amendment to the Workers' Compensation Act now includes the following similar language on soft tissue injuries (codified as 85 O.S.Supp.2011 § 332):

* * *

K. In case of a nonsurgical soft tissue injury, in which the employer has provided medical care within seven (7) days after receipt of oral or written notice of the injury, temporary total disability compensation shall not exceed eight (8) weeks, regardless of the number of parts of the body to which there is a nonsurgical soft tissue injury. A claimant who has been recommended by a treating physician for one or more injections may petition the Court for one extension of temporary total disability compensation and the Court may order an extension, not to exceed eight (8) additional weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total disability compensation and the Court may order an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed within ninety (90) days of the approval of the surgery by the employer or employer's insurance carrier or an order of the Court authorizing the surgery, the benefits for the extension period shall be terminated by the Court, unless the Court finds the delay was beyond the control of the claimant. In the event surgery is performed, the period of temporary total disability is subject to the limitations established by subsection A of this section. This subsection shall apply to all cases coming before the Court after the effective date of this act, regardless of the date of injury.

L. For purposes of this section, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. Soft tissue injury includes, but is not limited to: sprains, strains, contusions, tendonitis, and muscle tears. Cumulative trauma is to be considered a soft tissue injury. Soft tissue injury does not include any of the following:

1. Injury to or disease of the spine, spinal discs, spinal nerves or spinal cord, where corrective surgery is performed;

2. Brain or closed-head injury as evidenced by:

a. sensory or motor disturbances,

b. communication disturbances,

c. complex integrated disturbances of cerebral function,

d. episodic neurological disorders, or

e. other brain and closed-head injury conditions at least as severe in nature as any condition provided in subparagraphs a through d of this paragraph; or

3. Any joint replacement.

M. In all cases of nonsurgical soft tissue injury, the employee shall only be entitled to temporary total disability compensation as set out in subsection K of this section, unless there is objective medical evidence of a permanent anatomical abnormality. In determining the existence of such an abnormality, the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been impaired. This subsection shall apply to all cases coming before the Court after the effective date of this act, regardless of the date of injury.

¶ 8 Scott argues that because additional TTD may be awarded if surgery is recommended and performed, then the panel erred in reducing the TTD award in this case because Scott did have surgery. However, in this case, Scott underwent right hand surgery before he filed his Form 3. The relevant statute provided, in pertinent part: "(a) claimant who has been recommended ... for surgery for a soft tissue injury *may petition the Court for one extension* of [TTD] and the court may order such an extension, ..." 85 O.S.Supp.2009 § 22. Because Scott had surgery before beginning his claim, he did not petition the court for an extension of TTD based on a surgery recommendation, nor did the court order such an extension. Absent court approval, there was no statutory procedure for obtaining an extension of TTD. Once the surgery was performed, Scott was subject to the regular limits on TTD. *Bed, Bath & Beyond v. Bonat,* 2008 OK 47, ¶ 12, 186 P.3d 952.

¶ 9 The language of the statute is ambiguous, as noted by the Oklahoma Supreme Court in *Bonat, supra.* However, it is clear that a claimant is entitled to 8 weeks of TTD for non-surgical soft tissue injuries. If surgery is recommended, the claimant may seek court approval for one extension of an additional 16 weeks of TTD. The extension provides the claimant time to arrange the surgery and get approval for it from the employer or the court. The court shall terminate the extension if the recommended surgery is not performed within 90 days (unless the delay is not caused by the claimant). Following surgery, the claimant is subject to the regular limits on TTD.

¶ 10 We read the statute to reflect a legislative intent to limit pre-surgery TTD for soft-tissue injuries, even when surgery is recommended. While a claimant may request an extension of the 8 week limit if surgery is recommended, TTD will terminate if surgery is not performed. It is clear the limitation is designed, in part, to encourage the claimant to determine whether surgery is recommended and to have it performed. The legislative structure would be thwarted if the claimant could wait months or years to decide to have surgery (which could end the healing period) and then receive compensation up to the regular TTD limits for time preceding the surgery.

¶ 11 Before his surgery (which occurred without first obtaining court approval for extended TTD), Scott was entitled to 8 weeks of TTD for his soft tissue injury and the panel correctly limited the award of TTD. Following surgery, Scott is subject to the regular limits on TTD. *Bonat, supra.* The panel's order was not contrary to law nor against the clear weight of the evidence. SUSTAINED.

JOPLIN, V.C.J., and MITCHELL, J. (sitting by designation), concur.