2014 OK CIV APP 79

**Maggie Jo TRAVIS, Petitioner,**

v.

**MAYS HOUSECALL HOME HEALTH, INC. and Compsource Oklahoma, Respondent.**

**No. 111,851.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 27, 2014.

Aaron Corbett, Corbett Law Firm, PLLC, Oklahoma City, for Petitioner.

Robert A. Manchester, IV, Todd E. Saucedo, Oklahoma City, for Respondent Mays Housecall Home Health, Inc.

KENNETH L. BUETTNER, Judge.

¶ 1 Petitioner Maggie Jo Travis seeks review of an order of the Workers' Compensation Court of Existing Claims which found Travis sustained a work-related injury to the right hand and awarded PPD but also granted Respondent Mays Housecall Home Health, Inc. (Employer) credit for overpayment of TTD. Travis was entitled to no more than 24 weeks of TTD for a soft tissue injury before surgery and we sustain.

¶ 2 In her Form 3, Travis alleged an injury to both arms and hands occurring December 2, 2010. Employer admitted injury to the right hand only and asserted it was a soft tissue injury. The trial court entered an order terminating TTD December 20, 2011 and reserving the issue of overpayment for later hearing.

¶ 3 The trial court issued its order finding a compensable injury and awarding PPD May 20, 2013. In that order, the court held Travis sustained a single incident compensable injury to the right hand on December 2, 2010. The court noted Employer had paid TTD from December 17, 2010 to December 20, 2011, and from October 12, 2012 to February 13, 2013. The court found Employer was entitled to credit for overpayment of TTD from June 4, 2011 to December 20, 2011, and from January 16, 2013 to February 13, 2013. The trial court denied Travis's request for underpayment of TTD from December 21, 2011 to October 11, 2012. The court noted Travis had carpal tunnel release surgery on her right hand on October 17, 2012. The court found Travis sustained 20%

PPD to the right hand and awarded compensation.

¶ 4 In this review proceeding, Travis challenges only the trial court's award of TTD. The facts are undisputed and the issue presented is one of law, which we review *de novo*. Travis injured her right hand at work December 2, 2010 and Employer provided treatment and paid TTD through December 2011. Dr. Funderburk recommended surgery in September 2012, and Travis had surgery October 17, 2012. Employer paid TTD from October 12, 2012 to February 13, 2013. Dr. Funderburk released Travis from care after finding she had reached maximum medical improvement January 15, 2013. At the time of injury, the Oklahoma Workers' Compensation Act provided, in pertinent part:

Soft Tissue Injury: In case of a nonsurgical soft tissue injury, in which the employer has promptly provided medical care, temporary total compensation shall not exceed eight (8) weeks.... A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total compensation and the Court may order such an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that such an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed within one hundred twenty (120) days of the approval of the surgery by the employer or employer's insurance carrier or an order of the Court authorizing such surgery, the benefits for the extension period shall be terminated by the Court, unless the Court finds the delay was beyond the control of the claimant. In the event surgery is performed, the period of temporary total disability is subject to the limitations established by paragraph 2 of this section.

For purposes of this section, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. Soft tissue injury includes, but is not limited to: sprains, strains, contusions, tendonitis, and muscle tears. Cumulative trauma is to be considered a soft tissue injury.

Soft tissue injury does not include any of the following:

(1) Injury to or disease of the spine, spinal disks, spinal nerves or spinal cord, where corrective surgery is performed;

(2) Brain or closed-head injury as evidenced by:

... or

(3) Any joint replacement.

In all cases of soft tissue injury, the employee shall only be entitled to appropriate and necessary medical care and temporary total disability as set out in paragraph 2 of this section, unless there is objective medical evidence of a permanent anatomical abnormality. In determining the existence of such an abnormality, the Court may consider if there is credible medical evidence that the ability of the employee to earn wages at the same level as before the injury has been permanently impaired.

85 O.S.Supp.2010 § 22(3)(e).

¶ 5 Employer argued, and the trial court agreed, that this court's holding in *Scott v. Sprint PCS*, 2012 OK CIV APP 36, 274 P.3d 173 (*cert. denied*), required that Travis was entitled only to 24 weeks of TTD before surgery. Travis contends that the Oklahoma Supreme Court's earlier decision in *Bed Bath & Beyond, Inc. v. Bonat*, 2008 OK 47, 186 P.3d 952, requires a finding that she is entitled to the full limits of TTD regardless of when she had surgery. In *Bonat*, the court noted an ambiguity in § 22(3)(d): "Section 22(3)(d) is silent as to the period of time TTD and medical benefits are to be provided when surgery to the soft tissue is performed. Therefore, such an injury is subject to the limits imposed generally on TTD found at section 22(2)(c) which permit a maximum of 156 weeks of TTD and medical benefits and up to 300 weeks for good cause shown." *Id.* at ¶ 12. There the court noted the claimant's doctor recommended corrective surgery to the spine, so that her injury was excluded from soft tissue by the terms of the statute. *Bonat* resolved an ambiguity in the statute, which was later addressed in the amended statute, § 22(3)(e). *Bonat* did not address the issue presented in *Scott* and in this case, which is the amount of TTD allowed for a soft-tissue injury before surgery is recom-

mended or performed. Our analysis in *Scott* is applicable here, where surgery was not recommended until almost two years after the injury:

> we read the statute to reflect a legislative intent to limit pre-surgery TTD for soft-tissue injuries, even when surgery is recommended. While a claimant may request an extension of the 8 week limit if surgery is recommended, TTD will terminate if surgery is not performed. It is clear the limitation is designed, in part, to encourage the claimant to determine whether surgery is recommended and to have it performed. The legislative structure would be thwarted if the claimant could wait months or years to decide to‧ have surgery (which could end the healing period) and then receive compensation up to the regular TTD limits for time preceding the surgery.

274 P.3d at 176, ¶ 10. Travis alleges Dr. Adham recommended surgery earlier, but the record contains no report from Dr. Adham and Travis did not offer such a recommendation in seeking an extension of TTD. Employer has not challenged the award of the full 24 weeks of soft-tissue TTD.

¶ 6 Because the trial court's order is in accordance with § 22(3)(e) and our holding in *Scott*, we SUSTAIN.

JOPLIN, P.J., and HETHERINGTON, V.C.J., concur.