2015 OK CIV APP 14

**Tom Franklin WELDON, Petitioner,**

v.

**FLEX–N–GATE, OKLAHOMA, LLC (Own Risk # 19362), Liberty Mutual Insurance Co. and the Workers' Compensation Court, Respondents.**

**No. 112,251.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 26, 2014.

Certiorari Denied Jan. 26, 2015.

John Sprowls, John Sprowls Law Office, Pauls Valley, Oklahoma, for Petitioner.

M. Thad Groom, The Groom Law Firm, P.C., Edmond, Oklahoma, for Respondents.

P. THOMAS THORNBRUGH, Judge.

¶ 1 Claimant, Tom Franklin Weldon, seeks review of a three-judge panel's order that denied Claimant's request for pre-surgery, temporary total disability (TTD) in excess of 24 weeks. For the reasons set forth below, we vacate the panel's decision and remand with instructions to affirm, without modification, the workers' compensation trial court's order.

## BACKGROUND FACTS

¶ 2 The underlying facts and applicable law are undisputed, and are largely taken from Claimant's appellate brief's "Statement of Record and Facts" (with which Employer agreed) and the case file. In March 2010, Claimant sustained a single-event injury to his low back when he lifted a heavy car part from an assembly line at work. He has not worked since at least September or October 2010.

¶ 3 He filed a Form 3 in September 2010 and requested referral to a spine specialist. Employer filed a Form 10 admitting that Claimant sustained an injury arising out of and in the course of his employment, but denying that Claimant's employment was the major cause of his current condition and that further medical treatment was needed. In December 2010, the workers' compensation court appointed Donald Horton, M.D., as independent medical examiner (IME) to make specific recommendations concerning treatment, causation, and TTD. Dr. Horton examined Claimant on January 12, 2011, and obtained an updated MRI of Claimant's back that revealed disc bulges in Claimant's lumbar spine area.[1] The IME recommended conservative, nonsurgical treatment including physical therapy and epidural steroid injections. In July 2011, the workers' compensation court entered an order authorizing medical treatment per the IME's recommendation, and finding Claimant had sustained an injury to his low back, the major cause of which was his employment.

---

1. This information is reflected in the reports from the parties' medical experts, beginning at pages 60 and 64, respectively, of the record.

¶4 After several months of nonsurgical treatment proved unsuccessful, Dr. Horton recommended surgery in the form of a lumbar disk fusion, which the court authorized per an order entered in September 2012. In October 2012, Claimant requested TTD from October 2010 forward, seeking amounts additional to eight weeks of TTD which Employer previously had paid. The workers' compensation court entered an order in December 2012 allowing Claimant 16 weeks additional TTD, reserving for future hearing issues concerning rate and over-payment or underpayment of TTD.

¶5 Claimant's back surgery occurred March 7, 2013, and he thereafter requested TTD covering the period from January 12, 2011 (the date of the IME's first examination) to the date of surgery. In May 2013, the workers' compensation trial court entered an order awarding Claimant TTD for the requested period (less the 16 weeks previously paid), finding in relevant part as follows:

-1-

THAT on MARCH 12, 2010, ... claimant sustained accidental personal injury to the LOW BACK arising out of and in the course of claimant's employment.

. . .

-3-

THAT as a result of said injury, claimant was temporarily totally disabled from JANUARY 12, 2011 to MARCH 6, 2013 (based on surgery conducted removing the case from the soft tissue temporary total disability limitation minus the 16 weeks previously paid), for which time claimant is entitled to compensation for 112 weeks and 0 days in the total amount of $39,997.44.

¶6 Employer appealed to a three-judge panel, asserting that "[t]his injury was 'soft tissue' since the date of the accident until surgery was performed," and Claimant therefore was limited to 24 weeks of TTD, which the court had already ordered and Employer had paid. In a 2–1 vote, the panel affirmed but modified the trial court's order

by vacating Paragraph 3 (quoted above) and replacing it with the following:

THAT pursuant to 85 O.S. § 22 and *Scott v. Sprint PCS*, 2012 OK CIV APP 36 [274 P.3d 173], the only published opinion on this issue, the claimant is limited to a total of 24 weeks of pre-surgery temporary total disability benefits. As 24 weeks of temporary total disability has been paid by respondent, no further temporary total disability is owed by respondent.

¶7 The panel also vacated those paragraphs of the trial court's order that commuted the award to a lump sum and provided for payment of attorney fees. Claimant seeks review and reversal of the panel's order by this Court.

**STANDARD OF REVIEW**

¶8 The parties agree that the only issue for review is one of law, involving application of 85 O.S. Supp.2009 § 22 to undisputed facts. Accordingly, the appropriate appellate review standard is *de novo*. See *Villines v. Szczepanski*, 2005 OK 63, ¶8, 122 P.3d 466 (issues of law reviewed *de novo* ); *Am. Airlines v. Hervey*, 2001 OK 74, 33 P.3d 47 (trial court's application of law to facts presents issue of law). "Under this standard, we have plenary, independent and non-deferential authority" to re-examine the trial court's legal rulings. *Hervey, id.* ¶11; *see also Hogg v. Okla. Cnty. Juvenile Bureau*, 2012 OK 107, ¶5, 292 P.3d 29.

**ANALYSIS**

¶9 Claimant argues that the panel erred because his injury is *not* of a type that is subject to either the eight-week or the 16–week TTD limit for "nonsurgical soft tissue injury" in 85 O.S. Supp.2009 § 22(3)(d). He contends that the panel's reliance on *Scott v. Sprint PCS* was misplaced, and that the Court of Civil Appeals' holding and analysis in *Scott* does not apply here. We agree with Claimant.

¶10 The version of § 22(3)(d) in effect on the date of Claimant's injury [2] is clear in its

2. We apply the law in effect at the time of Claimant's injury. See *Prince v. Brake Rebuilders & Friction Products, Inc.*, 2012 OK 104, ¶6, 298

P.3d 529; *Williams Cos., Inc. v. Dunkelgod*, 2012 OK 96, ¶18, 295 P.3d 1107; *Nomac Drilling LLC v. Mowdy*, 2012 OK 45, ¶8, 277 P.3d 1282;

intent to limit the period of recoverable TTD benefits for certain types of nonsurgical soft tissue injuries, defined therein as "damage to one or more of the tissues that surround bones and joints.... [including, but not limited to] sprains, strains, contusions, tendonitis, and muscle tears."[3] *See Bed Bath & Beyond, Inc. v. Bonat,* 2008 OK 47, ¶ 12, 186 P.3d 952. However, while the statute further specifically states that "[c]umulative trauma is to be considered a soft tissue injury," it also provides that certain other injuries are not to be considered "soft tissue injuries" as a matter of law. As the Court explained in *Bonat,* at ¶ 13:

> Section 22(3)(d) also contains an exclusion from the definition of "soft tissue injury." That section provides: " 'Soft tissue injury' does not include any of the following: (1) Injury to or disease of the spine, spinal disks, spinal nerves or spinal cord, *where corrective surgery is performed."* *Id.* (emphasis added). Thus, "where corrective surgery is performed" to the "spine, spinal disks, spinal nerves or spinal cord," the injury is by definition not a "soft tissue injury" and it is not subject to the TTD time limits of section 22(3)(d). Rather, it is controlled by the time limits stated in section 22(2)(c).

Section 22(2)(c), in turn, allows for TTD benefits up to "a maximum of one hundred fifty-six (156) weeks in the aggregate," unless the court determines that, for good cause, additional TTD is warranted.

¶ 11 In the case at bar, we first note that nothing in the record or the parties' briefs indicates that the parties stipulated, or that the workers' compensation court specifically

found, that Claimant's injury was, at any point, in fact a "soft tissue injury." Further, the lower tribunal made no finding that Claimant's injury resulted from "cumulative trauma," and none of the medical evidence suggests cumulative trauma was involved. Rather, the workers' compensation court found injury to Claimant's "low back," to which "corrective surgery" in the form of fusion of Claimant's spinal disks has been performed. Therefore, pursuant to 85 O.S. Supp 2009 § 22(3)(d) and *Bonat,* Claimant's injury is by definition not a "soft tissue injury." His claim is controlled by the time limitations of § 22(2)(c), as was correctly held by the workers' compensation trial court.

¶ 12 We disagree with the panel's determination that this claim is controlled by *Scott v. Sprint PCS,* 2012 OK CIV APP 36, 274 P.3d 173, for several reasons, not the least of which is our finding that the Supreme Court's analysis and decision in *Bonat* controls the outcome here. Moreover, *Scott* is distinguishable in that it involved a clear case of cumulative trauma to the claimant's neck and hands caused by his continuous use of a computer keyboard and monitor. Further, the claimant in *Scott* did not even commence his claim for benefits until after he had undergone surgery. He therefore was unable to seek a judicial extension of pre-surgical TTD benefits because he did not have the prerequisite order commencing TTD contemplated by 22(3)(d). *See* 2012 OK CIV APP 36, ¶ 8, 274 P.3d 173. Thus, even assuming that this Court agreed with the holding or reasoning of *Scott*[4] in its refusal to expand a claimant's pre-surgical TTD benefits, we would nonetheless find that the panel erred

---

*Dunlap v. Multiple Injury Trust Fund,* 2011 OK 14, ¶ 1, 249 P.3d 951.

3. The statute further provides:

> In case of a nonsurgical soft tissue injury, temporary total compensation shall not exceed eight (8) weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total compensation and the court may order such an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that such an extension is appropriate or as agreed to by all parties.

4. We note that COCA Division IV, in an unpublished opinion in *Sun Healthcare Group, Inc. v. Richards,* Case No. 110,602 (mandate issued 2/4/14), specifically rejected application of the *Scott* holding for reasons similar to those we stated above. We further note that in argument before the panel below, Claimant relied on COCA Division II's unpublished decision in *Stafford v. Precision Pipeline Servs., LLC,* Case No. 109,970 (cons. w/ 109,971) (mandate issued 11/20/12), which relied on *Bonat* in a similar case for "clearly establish[ing] that the extension of TTD benefits for soft tissue injuries turns on whether the injury is surgical or nonsurgical." *See also Public Supply Co. v. Steenbock,* 2008 OK CIV APP 53, 186 P.3d 263.

in relying on *Scott* to determine Claimant's claim in this matter.

## CONCLUSION

¶ 13 The panel erred as a matter of law when it modified the workers' compensation trial court's order awarding TTD benefits to Claimant. Accordingly, the panel's order is vacated, and this matter is remanded to the panel with instructions to affirm, without modification, the order of the workers' compensation trial court.

¶ 14 **VACATED AND REMANDED WITH INSTRUCTIONS.**

FISCHER, P.J., and RAPP, J., concur.