OSCN Found Document:WELDON v. FLEX-N-GATE, OKLAHOMA, LLC

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WELDON v. FLEX-N-GATE, OKLAHOMA, LLC
2015 OK CIV APP 14
344 P.3d 17
Case Number: 112251
Decided: 09/26/2014
Mandate Issued: 02/13/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 14, 344 P.3d 17

 

TOM FRANKLIN WELDON, Petitioner,
v.
FLEX-N-GATE, OKLAHOMA, 
LLC (OWN RISK #19362), LIBERTY MUTUAL INSURANCE CO. and THE WORKERS' 
COMPENSATION COURT, Respondents.

PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL OF
THE 
WORKERS' COMPENSATION COURT
HONORABLE WILLIAM R. FOSTER, TRIAL JUDGE

VACATED AND REMANDED WITH INSTRUCTIONS

John Sprowls, JOHN SPROWLS LAW OFFICE, Pauls Valley, Oklahoma, for 
Petitioner
M. Thad Groom, THE GROOM LAW FIRM, P.C., Edmond, Oklahoma, for 
Respondents


P. THOMAS THORNBRUGH, JUDGE:
¶1 Claimant, Tom Franklin Weldon, seeks review of a three-judge panel's order 
that denied Claimant's request for pre-surgery, temporary total disability (TTD) 
in excess of 24 weeks. For the reasons set forth below, we vacate the panel's 
decision and remand with instructions to affirm, without modification, the 
workers' compensation trial court's order.
BACKGROUND FACTS
¶2 The underlying facts and applicable law are undisputed, and are largely 
taken from Claimant's appellate brief's "Statement of Record and Facts" (with 
which Employer agreed) and the case file. In March 2010, Claimant sustained a 
single-event injury to his low back when he lifted a heavy car part from an 
assembly line at work. He has not worked since at least September or October 
2010.
¶3 He filed a Form 3 in September 2010 and requested referral to a spine 
specialist. Employer filed a Form 10 admitting that Claimant sustained an injury 
arising out of and in the course of his employment, but denying that Claimant's 
employment was the major cause of his current condition and that further medical 
treatment was needed. In December 2010, the workers' compensation court 
appointed Donald Horton, M.D., as independent medical examiner (IME) to make 
specific recommendations concerning treatment, causation, and TTD. Dr. Horton 
examined Claimant on January 12, 2011, and obtained an updated MRI of Claimant's 
back that revealed disc bulges in Claimant's lumbar spine area.[1] The IME recommended 
conservative, nonsurgical treatment including physical therapy and epidural 
steroid injections. In July 2011, the workers' compensation court entered an 
order authorizing medical treatment per the IME's recommendation, and finding 
Claimant had sustained an injury to his low back, the major cause of which was 
his employment.
¶4 After several months of nonsurgical treatment proved unsuccessful, Dr. 
Horton recommended surgery in the form of a lumbar disk fusion, which the court 
authorized per an order entered in September 2012. In October 2012, Claimant 
requested TTD from October 2010 forward, seeking amounts additional to eight 
weeks of TTD which Employer previously had paid. The workers' compensation court 
entered an order in December 2012 allowing Claimant 16 weeks additional TTD, 
reserving for future hearing issues concerning rate and over-payment or 
underpayment of TTD.
¶5 Claimant's back surgery occurred March 7, 2013, and he thereafter 
requested TTD covering the period from January 12, 2011 (the date of the IME's 
first examination) to the date of surgery. In May 2013, the workers' 
compensation trial court entered an order awarding Claimant TTD for the 
requested period (less the 16 weeks previously paid), finding in relevant part 
as follows:
-1-

 
 THAT on MARCH 12, 2010, . . . claimant sustained accidental personal 
 injury to the LOW BACK arising out of and in the course of claimant's 
 employment.
 . . .
-3-

 
 THAT as a result of said injury, claimant was temporarily totally 
 disabled from JANUARY 12, 2011 to MARCH 6, 2013 (based on surgery conducted 
 removing the case from the soft tissue temporary total disability limitation 
 minus the 16 weeks previously paid), for which time claimant is entitled to 
 compensation for 112 weeks and 0 days in the total amount of 
 $39,997.44.
¶6 Employer appealed to a three-judge panel, asserting that "[t]his injury 
was 'soft tissue' since the date of the accident until surgery was performed," 
and Claimant therefore was limited to 24 weeks of TTD, which the court had 
already ordered and Employer had paid. In a 2-1 vote, the panel affirmed but 
modified the trial court's order by vacating Paragraph 3 (quoted above) and 
replacing it with the following:

 
 THAT pursuant to 85 O.S. § 
 22 and Scott v. Sprint PCS, 2012 OK CIV APP 36, the 
 only published opinion on this issue, the claimant is limited to a total of 
 24 weeks of pre-surgery temporary total disability benefits. As 24 weeks of 
 temporary total disability has been paid by respondent, no further temporary 
 total disability is owed by respondent.
¶7 The panel also vacated those paragraphs of the trial court's order that 
commuted the award to a lump sum and provided for payment of attorney fees. 
Claimant seeks review and reversal of the panel's order by this Court.
STANDARD OF REVIEW
¶8 The parties agree that the only issue for review is one of law, involving 
application of 85 O.S. Supp. 2009 § 
22 to undisputed facts. Accordingly, the appropriate appellate review 
standard is de novo. See Villines v. Szczepanski, 2005 OK 63, ¶ 8, 122 P.3d 466 (issues of law 
reviewed de novo); Am. Airlines v. Hervey, 2001 OK 74, 33 P.3d 47 (trial court's 
application of law to facts presents issue of law). "Under this standard, we 
have plenary, independent and non-deferential authority" to re-examine the trial 
court's legal rulings. Hervey, id. ¶ 11; see also Hogg 
v. Okla. Cnty. Juvenile Bureau, 2012 OK 107, ¶ 5, 292 P.3d 29.
ANALYSIS
¶9 Claimant argues that the panel erred because his injury is not of a 
type that is subject to either the eight-week or the 16-week TTD limit for 
"nonsurgical soft tissue injury" in 85 O.S. Supp. 2009 § 22(3)(d). He 
contends that the panel's reliance on Scott v. Sprint PCS was misplaced, 
and that the Court of Civil Appeals' holding and analysis in Scott does 
not apply here. We agree with Claimant.
¶10 The version of § 22(3)(d) in effect on the date of Claimant's injury[2] is clear in its 
intent to limit the period of recoverable TTD benefits for certain types of 
nonsurgical soft tissue injuries, defined therein as "damage to one or more of 
the tissues that surround bones and joints. . . . [including, but not limited 
to] sprains, strains, contusions, tendonitis, and muscle tears."[3] See Bed Bath & 
Beyond, Inc. v. Bonat, 2008 OK 
47, ¶ 12, 186 P.3d 952. 
However, while the statute further specifically states that "[c]umulative trauma 
is to be considered a soft tissue injury," it also provides that certain other 
injuries are not to be considered "soft tissue injuries" as a matter of law. As 
the Court explained in Bonat, at ¶ 13:

 
 Section 22(3)(d) also contains an exclusion from the definition of "soft 
 tissue injury." That section provides: "'Soft tissue injury' does not 
 include any of the following: (1) Injury to or disease of the spine, spinal 
 disks, spinal nerves or spinal cord, where corrective surgery is 
 performed." Id. (emphasis added). Thus, "where corrective surgery 
 is performed" to the "spine, spinal disks, spinal nerves or spinal cord," 
 the injury is by definition not a "soft tissue injury" and it is not subject 
 to the TTD time limits of section 22(3)(d). Rather, it is controlled by the 
 time limits stated in section 22(2)(c).
Section 22(2)(c), in turn, allows for TTD benefits up to "a maximum of one 
hundred fifty-six (156) weeks in the aggregate," unless the court determines 
that, for good cause, additional TTD is warranted.
¶11 In the case at bar, we first note that nothing in the record or the 
parties' briefs indicates that the parties stipulated, or that the workers' 
compensation court specifically found, that Claimant's injury was, at any point, 
in fact a "soft tissue injury." Further, the lower tribunal made no finding that 
Claimant's injury resulted from "cumulative trauma," and none of the medical 
evidence suggests cumulative trauma was involved. Rather, the workers' 
compensation court found injury to Claimant's "low back," to which "corrective 
surgery" in the form of fusion of Claimant's spinal disks has been performed. 
Therefore, pursuant to 85 O.S. Supp 
2009 § 22(3)(d) and Bonat, Claimant's injury is by definition not a 
"soft tissue injury." His claim is controlled by the time limitations of § 
22(2)(c), as was correctly held by the workers' compensation trial court.
¶12 We disagree with the panel's determination that this claim is controlled 
by Scott v. Sprint PCS, 2012 
OK CIV APP 36, 274 P.3d 173, 
for several reasons, not the least of which is our finding that the Supreme 
Court's analysis and decision in Bonat controls the outcome here. 
Moreover, Scott is distinguishable in that it involved a clear case of 
cumulative trauma to the claimant's neck and hands caused by his continuous use 
of a computer keyboard and monitor. Further, the claimant in Scott did 
not even commence his claim for benefits until after he had undergone surgery. 
He therefore was unable to seek a judicial extension of pre-surgical TTD 
benefits because he did not have the prerequisite order commencing TTD 
contemplated by § 22(3)(d). See 2012 OK CIV APP 36, ¶ 8. Thus, even 
assuming that this Court agreed with the holding or reasoning of Scott[4] in its 
refusal to expand a claimant's pre-surgical TTD benefits, we would nonetheless 
find that the panel erred in relying on Scott to determine Claimant's 
claim in this matter. 
CONCLUSION
¶13 The panel erred as a matter of law when it modified the workers' 
compensation trial court's order awarding TTD benefits to Claimant. Accordingly, 
the panel's order is vacated, and this matter is remanded to the panel with 
instructions to affirm, without modification, the order of the workers' 
compensation trial court.

¶14 VACATED AND REMANDED WITH INSTRUCTIONS.

FISCHER, P.J., and RAPP, J., concur.

FOOTNOTES

[1] This 
information is reflected in the reports from the parties' medical experts, 
beginning at pages 60 and 64, respectively, of the record.

[2] We 
apply the law in effect at the time of Claimant's injury. See Prince v. Brake 
Rebuilders & Friction Products, Inc., 2012 OK 104, ¶ 6, 298 P.3d 529; Williams Cos, Inc. 
v. Dunkelgod, 2012 OK 96, ¶ 
18, 295 P.3d 1107; Nomac 
Drilling LLC v. Mowdy, 2012 OK 
45, ¶ 8, 277 P.3d 1282; 
Dunlap v. Multiple Injury Trust Fund, 2011 OK 14, ¶ 1, 249 P.3d 951.

[3] The 
statute further provides:
In case of a nonsurgical soft tissue injury, temporary total compensation 
shall not exceed eight (8) weeks. A claimant who has been recommended by a 
treating physician for surgery for a soft tissue injury may petition the Court 
for one extension of temporary total compensation and the court may order such 
an extension, not to exceed sixteen (16) additional weeks, if the treating 
physician indicates that such an extension is appropriate or as agreed to by all 
parties.

[4] We note 
that COCA Division IV, in an unpublished opinion in Sun Healthcare Group, 
Inc. v. Richards, Case No. 110,602 (mandate issued 2/4/14), specifically 
rejected application of the Scott holding for reasons similar to those we 
stated above. We further note that in argument before the panel below, Claimant 
relied on COCA Division II's unpublished decision in Stafford v. Precision 
Pipeline Servs., LLC, Case No. 109,970 (cons. w/ 109,971)(mandate issued 
11/20/12), which relied on Bonat in a similar case for "clearly 
establish[ing] that the extension of TTD benefits for soft tissue injuries turns 
on whether the injury is surgical or nonsurgical." See also Public Supply Co. 
v. Steenbock, 2008 OK CIV APP 
53, 186 P.3d 
263.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 53, 186 P.3d 263, PUBLIC SUPPLY COMPANY v. STEENBOCK
Discussed
 2012 OK CIV APP 36, 274 P.3d 173, SCOTT v. SPRINT PCS
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 74, 33 P.3d 47, 72 OBJ 2716, AMERICAN AIRLINES v. HERVEY
Discussed
 2005 OK 63, 122 P.3d 466, IN THE MATTER OF THE ESTATE OF VILLINES
Discussed
 2008 OK 47, 186 P.3d 952, BED BATH & BEYOND, INC. v. BONAT
Discussed
 2011 OK 14, 249 P.3d 951, DUNLAP v. MULTIPLE INJURY TRUST FUND
Discussed
 2012 OK 45, 277 P.3d 1282, NOMAC DRILLING LLC v. MOWDY
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
 2012 OK 104, 298 P.3d 529, PRINCE v. BRAKE REBUILDERS & FRICTION PRODUCTS, INC.
Discussed
 2012 OK 107, 292 P.3d 29, HOGG v. OKLAHOMA COUNTY JUVENILE BUREAU
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 22, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed at Length