2017 OK CIV APP 22

**ATWOOD DISTRIBUTING LP, and Zurich American Insurance Company, Petitioners,**

v.

**Darla Jean CAMP and The Workers' Compensation Commission, Respondents.**

**Case No. 114,575**

THIS OPINION HAS BEEN RELEASED FOR PUBLICATION BY ORDER OF THE COURT OF CIVIL APPEALS, Division No. 1

Court of Civil Appeals of Oklahoma, Division No. 1.

December 9, 2016

Timothy E. Lurtz, COLLINS, ZORN & WAGNER, Oklahoma City, Oklahoma, For Petitioners.

Bob Burke, Oklahoma City, Oklahoma and Brandon Burton, Oklahoma City, Oklahoma, For Respondent Darla Jean Camp.

Opinion by Bay Mitchell, Judge:

¶1 Petitioners Atwood Distributing LP and Zurich American Insurance Company (Employer) seek review of an order of the Workers' Compensation Commission, affirming the administrative law judge's order awarding Respondent Darla Jean Camp (Claimant) temporary total disability (TTD) benefits beyond thirty-two weeks for the time period prior to surgery for her soft tissue injury. We find Claimant's injury was not subject to the nonsurgical soft tissue TTD limitations in 85A O.S. Supp. 2014 § 62 and the Commission properly awarded Claimant TTD pursuant to 85A O.S. Supp. 2014 § 45.

¶2 Claimant filed a claim seeking compensation on June 2, 2014, alleging injuries to her right hip, back, right side, and right leg as a result of a single incident accident at work occurring on March 19, 2014. Employer admitted the single incident accident resulted in a compensable injury to the back and paid sixteen weeks of TTD for that injury, which included eight additional weeks of TTD for an injection. On October 15, 2014, Claimant filed a Form 9 requesting an additional sixteen weeks of TTD, having received a recommendation for right hip arthroscopic surgery from Dr. Mitchell. Employer, however, on December 23, 2014, contested the compensability of the injury and the need for surgery to the hip. After a hearing, in an order dated May 6, 2015, the ALJ found the right hip was compensable, ordered the surgery, and awarded Claimant sixteen more weeks of TTD based on the surgery recommendation. Claimant then filed a Form 9 on June 9, 2015, requesting a hearing for TTD (additional to the thirty-two weeks already received) for the period of time while she was waiting for surgery. Claimant had the surgery on July 10, 2015. On September 4, the ALJ awarded Claimant TTD from March 23, 2014 through July 9, 2015, minus the thirty-two weeks TTD that Claimant had already been awarded.

¶3 Employer appealed to the Workers' Compensation Commission, arguing the award was contrary to law because Claimant was limited to thirty-two weeks of TTD under the soft tissue injury limitations in 85A O.S. § 62. Claimant argued those limitations do not apply because, once she had surgery, her injury was by definition no longer "nonsurgical" as provided by § 62 and, therefore, the general TTD provisions at 85A O.S. § 45 applied. The Commission agreed with Claimant and affirmed the ALJ's award.

¶4 Claimant's injury occurred after the effective date of the Administrative Workers' Compensation Act (the AWCA), making it the applicable law. *See Williams Companies, Inc. v. Dunkelgod*, 2012 OK 96, ¶18, 295 P.3d 1107, 1113 ("The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues. It is determined as of the date of injury[.]"). The AWCA provides that we may modify, reverse, remand for rehearing or set aside a judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2014 § 78(C).

¶ 5 We first address Employer's claim that the Commission's order contains insufficient findings of fact and conclusions of law. Specifically, Employer argues that the Commission failed to specify the factual findings for determining that the requested surgery was medical maintenance rather than active medical care requiring reopening of the case under a finding for a change of condition for the worse. Employer did not present any argument before the Commission requiring such a finding. The Commission's order is comprehensive, sets forth the stipulated facts, discusses the relevant case law, and makes a clear conclusion of law. We find no merit to this claim.

¶ 6 Employer argues Claimant was limited to thirty-two weeks TTD by § 62. Claimant contends her TTD award is controlled by § 45. Statutory construction presents a question of law, which we review *de novo*. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. Such review is plenary, independent and non-deferential. *Id.*

¶ 7 Section 45 is a general limitation of TTD for all injuries found compensable under the AWCA, providing that an injured worker "shall be entitled to receive compensation equal to seventy percent (70%) of the injured employee's average weekly wage, but not to exceed seventy percent (70%) of the state average weekly wage, for one hundred four (104) weeks."[1] 85A O.S. § 45(A)(1). Section 62 provides a statutory scheme that limits TTD benefits for nonsurgical soft tissue injuries. It provides:

A. Notwithstanding the provisions of Section 45 of this act, if an employee suffers a nonsurgical soft tissue injury, temporary total disability compensation shall not exceed eight (8) weeks, regardless of the number of parts of the body to which there is a nonsurgical soft tissue injury. An employee who is treated with an injection or injections shall be entitled to an extension of an additional eight (8) weeks. An employee who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Workers' Compensation Commission for one extension of temporary total disability compensation and the Commission may order an extension, not to exceed sixteen (16) additional weeks. If the surgery is not performed within thirty (30) days of the approval of the surgery by the employer, its insurance carrier, or an order of the Commission authorizing the surgery, and the delay is caused by the employee acting in bad faith, the benefits for the extension period shall be terminated and the employee shall reimburse the employer any temporary total disability compensation he or she received beyond eight (8) weeks. An epidural steroid injection, or any procedure of the same or similar physical invasiveness, shall not be considered surgery.

B. For purposes of this section, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. Soft tissue injury includes, but is not limited to sprains, strains, contusions, tendonitis and muscle tears. Cumulative trauma is to be considered a soft tissue injury. Soft tissue injury does not include any of the following:

1. Injury to or disease of the spine, spinal discs, spinal nerves or spinal cord, where corrective surgery is performed;

2. Brain or closed-head injury as evidenced by:

a. sensory or motor disturbances,

b. communication disturbances,

c. complex integrated disturbances of cerebral function,

d. episodic neurological disorders, or

---

1. Under § 45, up to fifty-two additional weeks of TTD may be awarded if it is found "that a consequential injury has occurred and that additional time is needed to reach maximum medical improvement[.]"

e. other brain and closed-head injury conditions at least as severe in nature as any condition provided in subparagraphs a through d of this paragraph; or

3. Any joint replacement.

85A O.S. § 62.

¶ 8 The issue in this case arises because the statutes are silent as to whether additional TTD is permitted for a soft tissue injury where surgery is recommended, but cannot be performed within the one 16–weeks extension allowed by § 62 due to the employer's refusal to authorize the surgery. Stated another way, where there is surgery for a soft tissue injury, does § 45 allow TTD to be awarded for that period of time prior to the surgery that would be outside the TTD limits of § 62?

¶ 9 Section 62 in the AWCA is a carryover from the former workers' compensation statute, 85 O.S. § 22(3)(d). In *Bed Bath & Beyond, Inc. v. Bonat,* 2008 OK 47, 186 P.3d 952, the Oklahoma Supreme Court addressed a "patent ambiguity" in § 22 "concerning the length of time a temporarily and totally disabled worker is entitled to disability benefits for a 'soft tissue' injury." *Id.,* ¶ 1, 186 P.3d at 953. Although the patent ambiguity in § 22 addressed by the Court in *Bonat* no longer exists and § 62 is not identical to § 22, relevant language in those statutes is substantially similar. And the Court in *Bonat* did address the issue of which statutory TTD limits apply when a claimant with a soft tissue injury becomes a surgical patient. Accordingly, we find *Bonat* to be instructive to our interpretation of § 62.

¶ 10 In *Bonat,* the claimant was receiving TTD benefits for a cumulative trauma soft tissue injury. After initial conservative treatment, the claimant's treating doctor recommended surgery. The employer refused to authorize the surgery. The claimant sought court authorization for additional medical treatment. The Workers' Compensation Court awarded the claimant TTD for her injury pursuant to § 22(2)(c), the general TTD provision allowing TTD for 156 weeks, or up to 300 weeks for good cause shown. The employer argued that the § 22(3)(d) soft tissue TTD limitation of sixteen additional

weeks applied instead. The Supreme Court, analyzing § 22(3)(d), stated:

It is clear that the Legislature intended to limit the period of TTD for certain soft tissue injuries. Section 22(3)(d) limits benefits to eight weeks for non-surgical soft tissue injuries. If surgery is recommended, a claimant may receive court approval for an additional period of up to sixteen weeks in which the surgery may be performed on the soft tissue. *Section 22(3)(d) is silent as to the period of time TTD and medical benefits are to be provided when surgery to the soft tissue is performed. Therefore, such an injury is subject to the limits imposed generally on TTD* found at section 22(2)(c) which permit a maximum of 156 weeks of TTD and medical benefits and up to 300 weeks for good cause shown.

*Bonat,* ¶ 12, 186 P.3d at 955 (emphasis added). *Bonat* goes on to hold:

Where corrective surgery would have actually been performed, absent the employer's refusal to authorize the recommended surgery, the TTD and medical time limits of section 22(3)(d) are inapplicable and the time limits imposed by section 22(2)(c) apply.

*Id.,* ¶ 15, 186 P.3d at 956.

¶ 11 We are not persuaded by Employer's argument that *Bonat* is inapplicable because the claimant in that case had been recommended for corrective spine surgery, which is explicitly excluded from the definition of "soft tissue injury." The Court stated that its analysis was intended "as binding authority for resolution of the ambiguity" in § 22. *Id.,* ¶ 10, 186 P.3d at 955. Accordingly, Bonat is not limited to the specific circumstances presented in that case.

■ ¶ 12 As noted by the Commission here, *Bonat* does not directly answer whether soft tissue limits may be lifted retroactively once surgery is performed because, there, the employer had withheld its authorization for surgery pending the outcome of the appeal. However, we do not see this as a question of whether the § 62 limits may be lifted. The TTD limits in § 62 apply specifically to "nonsurgical" soft tissue injuries. Once

Claimant had surgery her injury was no longer "nonsurgical" and § 62 was no longer the applicable authority for TTD compensation. Accordingly, we find that a compensable "surgical" soft tissue injury entitles a claimant to TTD for any period of time which she is unable to work, subject to the general limits of § 45.

¶ 13 We find Employer's authority unpersuasive. *Scott v. Sprint PCS*, 2012 OK CIV APP 36, 274 P.3d 173 is distinguishable because the claimant in that case had not commenced his claim for benefits prior to having surgery and, therefore, was unable to seek an extension of TTD benefits because he had no prerequisite order commencing TTD. *Id.*, ¶ 8, 274 P.3d at 176. Likewise, in *Travis v. Mays Housecall Home Health, Inc.*, 2014 OK CIV APP 79, 335 P.3d 279, surgery was not recommended until almost two years after the injury. *Id.*, ¶ 5, 335 P.3d at 281.

¶ 14 Here, there was no evidence that Claimant caused the delay. In fact, Claimant consistently sought authorization for surgery from the time it was recommended by her doctor beginning with her Form 9 filed October 15, 2014. Further, § 62 now precludes a claimant from delaying the need for surgery in bad faith, providing that if a claimant delays surgery in bad faith for more than thirty days after the surgery's approval by the employer, its insurance carrier, or an order of the Commission, "the benefits for the extension period shall be terminated and the employee shall reimburse the employer any temporary total disability compensation he or she received beyond eight (8) weeks." *See* 85A O.S. § 62(A).

¶ 15 Finally, we reject Employer's argument that the Legislature intended for all soft tissue surgeries to be subject to the soft tissue TTD limitations except for those specifically excluded in subsection (B). The Legislature's exclusion of certain injuries from the definition of soft tissue injury in § 62(B) does not answer the question in this case—whether the TTD limitations in § 62(A) apply when surgery cannot be performed within the sixteen weeks allowed and where the delay is not caused by the claimant's bad faith.

¶ 16 *Bonat* clearly establishes that an extension of TTD benefits beyond the soft tissue injury limitations turns on whether the injury is surgical or nonsurgical and who has caused the surgical delay. Here, it is undisputed that Claimant underwent surgery for her hip injury. Thus, by definition, Claimant's injury was no longer a "nonsurgical" soft tissue injury subject to the TTD limitations in § 62. Further, there was no evidence that any bad faith conduct on Claimant's part caused the delay. In fact, nine months passed from when Claimant filed her Form 9 in October 2014 requesting authorization for surgery until surgery was performed in July 2015. There is not even any argument that Claimant was responsible for that delay.

¶ 17 Once surgery is performed for a soft tissue injury, § 45, and not § 62, provides the authority for a TTD award. The Commission's order affirming the administrative law judge's order awarding Claimant TTD benefits from March 23, 2014 through July 9, 2015, minus the thirty-two weeks TTD Claimant had already been awarded, is SUSTAINED.

BUETTTNER, V.C.J., P.J., concurs.

GOREE, J., dissents with opinion:

¶ 18 The majority holds that § 62 applies to nonsurgical soft tissue injuries but it does not apply to surgical soft tissue injuries. I have a different view. I believe the Legislature intended temporary total disability benefits to be limited for all claims within the definition of "soft tissue injury." The extent of the limitation depends upon the medical treatment. When a treating physician recommends surgery for the soft tissue injury, the employee may petition the Commission for an extension that does not exceed sixteen weeks of TTD compensation.

¶ 19 In this case, Claimant successfully petitioned for an extension that exceeded the maximum TTD for her soft tissue injury. The majority concludes that § 62 was rendered inapplicable when surgery was performed. It found *Bed Bath & Beyond, Inc. v. Bonat*, 2008 OK 47, 186 P.3d 952 instructive in Its interpretation of the statute. But legislative changes after *Bonat* diminish its application.

¶ 20 As the majority emphasizes, *Bonat* held "Section 22(3)(d) is silent as to the period of time TTD and medical benefits are to be provided when surgery to the soft tissue is performed." *Bonat* considered this legislative silence and decided that the general statute allowing a maximum of 156 weeks would apply when corrective surgery is performed. In the present case, the majority observes that § 62 is likewise silent as to whether additional TTD is permitted for a soft tissue injury where surgery is performed. But the majority has overlooked the legislation after *Bonat.*

¶ 21 In 2011, the Legislature enacted 85 O.S. 2011 § 332 which replaced former § 22. According to § 332(K), a claimant recommended for surgery for a soft tissue injury could petition for an extension of 16 additional weeks of TTD. However, "in the event surgery is performed, the period of temporary total disability is subject to the limitations established by subsection A of this section." *Id.* Subsection A generally allowed TTD up to a maximum of 156 weeks of compensation.[2] By enacting § 332, the Legislature codified the holding in *Bonat*—that the soft tissue limitation would not apply "in the event surgery is performed." But that sentence was eliminated when the Legislature replaced the Workers' Compensation Court with a new administrative agency and adopted § 62 of the Administrative Workers' Compensation Act.

¶ 22 So while the majority is correct that § 62 is silent about the effect of surgery on a soft tissue injury, the evolution of this statutory law since *Bonat* convinces me that the silence is not accidental. *Irwin v. Irwin*, 1965 OK 145 ¶ 11, 433 P.2d 931, 934 (Where the former statute was clear or its meaning had been judicially settled, the amendment may reasonably indicate legislative intent to alter the law).

¶ 23 In my opinion, the Legislature intentionally removed the surgery exception which the majority reads into § 62 on the authority of *Bonat.* Under the present law, TTD compensation for soft tissue injuries is governed by § 62 whether surgery is performed or not. The Commission may order an extension *not to exceed 16 additional weeks* when surgery for a soft tissue injury is recommended. The provisions of the AWCA are to be strictly construed by the Commission and the appellate courts. 85A O.S. 2014 Supp. § 106.

¶ 24 I would reverse the Commission's order. It is affected by error of law pursuant to 85A O.S. 2014 Supp. § 78(C) because it awards TTD compensation for a soft tissue injury for a period that exceeds the limitations provided by § 62.

**2.** Title 85 O.S. 2011 § 332(K) provides:

In case of a nonsurgical soft tissue injury, in which the employer has provided medical care within seven (7) days after receipt of oral or written notice of the injury, temporary total disability compensation shall not exceed eight (8) weeks, regardless of the number of parts of the body to which there is a nonsurgical soft tissue injury. A claimant who has been recommended by a treating physician for one or more injections may petition the Court for one extension of temporary total disability compensation and the Court may order an extension, not to exceed eight (8) additional weeks. A claimant who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Court for one extension of temporary total disability compensation and the Court may order an extension, not to exceed sixteen (16) additional weeks, if the treating physician indicates that an extension is appropriate or as agreed to by all parties. In the event the surgery is not performed within ninety (90) days of the approval of the surgery by the employer or employer's insurance carrier or an order of the Court authorizing the surgery, the benefits for the extension period shall be terminated by the Court, unless the Court finds the delay was beyond the control of the claimant. In the event surgery is performed, the period of temporary total disability is subject to the limitations established by subsection A of this section. This subsection shall apply to all cases coming before the Court after the effective date of this act, regardless of the date of injury." (emphasis added),